(February 14, 1887.)

## PARKE et al. v. WARDNER et al.

[13 Pac. 172.]

DEFECTIVE SUMMONS.—Where a summons is irregular or defective, the remedy, if any, is by application to the trial court, to quash or set aside.

WRONGFUL CONVERSION—DAMAGES—JUDGMENT BY DEFAULT.—In an action for the wrongful sale of personal property, and the wrongful conversion of the proceeds thereof, it is error for the clerk to enter a final judgment, as upon default, but the plaintiff in such case should go into court and prove his damages.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Albert Allen and W. W. Woods, for Appellants.

If a summons is defective, the court acquires no jurisdiction either of the persons of defendants served or of the subject matter of the action, and the entry of default by the clerk was without authority. (*Atchison etc. R. R. Co. v. Nicholls,* 8 Colo. 188, 6 Pac. 512; *Smith v. Aurich,* 6 Colo. 388; *People v. Green,* 52 Cal. 577; *Porter v. Hermann,* 8 Cal. 625.) Under the provisions of statutes identical in language with our own, we cite: *Bond v. Pacheco,* 30 Cal. 530; *Providence Tool Co. v. Prader,* 32 Cal. 636, 91 Am. Dec. 598; *Cram v. Hirschfelder,* 17 Cal. 582; *Kelly v. Ban Austin,* 17 Cal. 564; *Graydon v. Thomas,* 3 Or. 250; Freeman on Judgments, 2d ed., secs. 129, 532-542, inclusive.

BRODERICK, J.—This is an action for the recovery of the value of certain goods and chattels which are alleged to have been wrongfully converted and sold. The plaintiffs demanded judgment for $900 and costs. Summons was issued and served on the defendants, but there was no appearance or answer. Default and final judgment was entered by the clerk, and from this judgment the defendants appeal, and assign as error: 1. The summons does not set forth the cause of action stated in the complaint in any manner, and the clerk had no jurisdiction to enter default; 2. The judgment entered by the clerk herein was entered without statutory authority and is void; 3. The court never had or acquired jurisdiction.

The first point is not well taken. The summons is irregular, but not void, and for irregularity the remedy, if any, was by application in due time to the court below for an order to quash or set it aside.

The second alleged error is that the judgment entered by the clerk was without statutory authority, and is void. The authority, if any exists, by which the clerk of the district court may, without an order of the court, enter judgment, is found in section 356 of the Code of Civil Procedure, which reads: "Judgment may be had if the defendant fail to answer the complaint, as follows: In an action arising upon contract for the recovery

of money or damages only, if no answer has been filed by the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs against the defendant," etc.

The complaint alleges, in the first and second counts, that defendants were the agents of the plaintiffs to sell or dispose of certain machinery, and when disposed of defendants were to account to plaintiffs therefor; that defendants wrongfully converted said property to their own use, and disposed of the same as their property and wrongfully converted the proceeds, and failed and refused to account to plaintiffs. In the third count the complaint avers that the plaintiffs left with the defendants certain machinery to dispose of as agents for plaintiffs; that defendants wrongfully converted this property to their own use, broke and injured same; and that, by reason of such wrongful conversion and use, plaintiffs were damaged in the sum of $200. We are of opinion that neither of these causes of action, as set forth in the complaint, falls within the statute which provides that, "in an action arising upon contract, for the recovery of money or damages only," a default and final judgment may be entered by the clerk. The plaintiffs in this case should not have applied to the clerk to enter judgment, but should have gone into court, and submitted their proofs upon the questions presented by the complaint.

The default is opened, judgment vacated and set aside, and the cause remanded to the court below for further proceedings.

Hays, C. J., and Buck, J., concurring.