Points Decided.

(April 29, 1908.)

# STANLEY H. ZIMMERMAN, Respondent, v. BRADFORD-KENNEDY COMPANY, a Corporation, Appellant.

[95 Pac. 825.]

PROBATE AND JUSTICE COURT PRACTICE—PROBATE COURT SUMMONS—BY WHOM ISSUED—DEFECTIVE RETURN OF SUMMONS—APPEAL ON QUESTIONS OF LAW AND FACT—TRIAL DE NOVO.

1. Under the provisions of sec. 3844, Rev. Stat., the probate judge may appoint a clerk of his court or act as clerk of his own court, and the clerk may properly sign and issue a summons, and such act is purely a ministerial act, and a summons signed thus: "O. J. Bandelin, Probate Judge, By Robt. S. McCrea, Clerk," is a sufficient compliance with the statute.

2. A return to a summons which has been served on a foreign corporation, which shows the material ultimate facts necessary to be shown as proof of due service on the corporation, will support a default judgment where the question of defects in the return is raised for the first time on appeal from the judgment, although the return might have been in some particular so defective as to have subjected it on return day to a motion to quash the service on the grounds of such defective return.

3. Where a defendant failed to appear in a probate court at the hour fixed for appearance in the summons, and the court entered the defendant's default after the expiration of one hour after the time fixed for appearance and failed to make an order postponing the case, and three days thereafter heard the proofs submitted by plaintiff and entered judgment, the action of the court, though irregular, will not oust it of jurisdiction, nor will it render such judgment void for want of jurisdiction under sec. 4701, Rev. Stat.

4. Where a defendant fails to appear and answer or raise any issue of fact in a justice or probate court, and appeals from a judgment entered by default to the district court on questions of both law and fact, he will not be allowed to file an answer in the district court and raise an issue of fact for the first time. A trial *de novo* as provided for by section 4840, Rev. Stat., implies and signifies the trying *anew* of an issue that has been previously tried. Where no issue has been previously raised, there is no issue to try *anew*.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for the County of Bonner. Hon. W. W. Woods, Judge.

Action by the plaintiff against the defendant for debt. Judgment by default in favor of the plaintiff and defendant appealed to the district court, where judgment was again entered against the defendant, from which defendant appealed. *Affirmed.*

Edwin McBee, for Appellant, cites no authorities.

E. W. Wheelan, for Respondent.

When summons is irregular or defective, the remedy, if any, is by application to the trial court, to quash or set it aside. (*Parker v. Wardner,* 2 Ida. 285, 13 Pac. 172.)

Sec. 2653, Rev. Stat., is applicable to justices' courts. (*Webster v. Oregon Short Line Ry. Co.,* 6 Ida. 312, 55 Pac. 661.)

The probate court did not lose jurisdiction to hear the evidence and try the case on the 15th day of June, 1907, because no continuance was entered in the docket. (*Green v. Christie,* 4 Ida. 438, 40 Pac. 54; *Presley v. Dean,* 10 Ida. 375, 79 Pac. 71.) Where there was no issue presented in the justice's court by defendant, there could be none in the district court to try *de novo.* (*Italian Swiss Agr. Colony v. Bartagnolli,* 9 Wyo. 204, 61 Pac. 1020.)

On appeal from a default judgment of a justice of the peace, whether on questions of law or on law and fact, there cannot be a trial *de novo.* (*Maxson v. Superior Ct. Madera Co.* (Cal.), 54 Pac. 520; *Southern Pac. R. Co. v. Superior Court,* 59 Cal. 471; *People v. Eldorado Co. Ct.,* 10 Cal. 19; *Funkenstein v. Elgutter,* 11 Cal. 328; *Myrick v. Superior Court,* 68 Cal. 98, 8 Pac. 648; *Martin v. District Ct.,* 13 Nev. 90.)

AILSHIE, C. J.—This action was commenced in the probate court of Bonner county by filing the complaint therein

on June 7, 1907.  On the same day the summons was issued and signed, "O. J. Bandelin, Probate Judge, By Robt. S. Mc-Crea, Clerk."  The summons was made returnable June 12, at 4 o'clock P. M., and was returned on that date and filed with the clerk.  Annexed to the summons was an affidavit of service on the defendant, which affidavit showed that the affiant was constable of Sandpoint precinct in Bonner county, and that the defendant, the Bradford-Kennedy Company, is and was a foreign corporation doing business in the county of Bonner, state of Idaho, with its principal place of business at Sagle, in Bonner county, and that the defendant corporation had no designated agent within the county of Bonner upon whom service of process could be made, and that it had not complied with the laws of Idaho requiring the filing with the clerk a designation of an agent upon whom service could be made, etc.  The affidavit further showed that the affiant served the defendant corporation by delivering to and leaving with Ignatz Weil, the county auditor of Bonner county, at his office in the city of Sandpoint, a true copy of the summons attached to a copy of the complaint in the action. The defendant failed to appear, and, after waiting the statutory time of one hour after the time set for trial, the plaintiff caused the defendant's default to be entered for failure to appear.  No further action was taken in the case until June 15th; on the latter date the plaintiff introduced his proofs and took judgment against the defendant in accordance with the prayer of the complaint.  The defendant corporation appealed from the judgment to the district court on questions of both law and fact.  When the case was called in the district court, the defendant, through its attorney, moved the court for a dismissal of the action on the grounds following:

"That said pretended judgment of the probate court is void for the reasons:

"(1) That said summons is void for the reason that the same was not signed by the probate judge.

"(2) That it appears from the summons and the pretended return thereto that the court did not acquire jurisdiction of the person of the defendant.

"(3) That said pretended judgment was not entered on the 12th day of June, 1907, the return day mentioned in the summons, and that no order of continuance was made from said day until the 15th day of June, 1907, the time when said pretended judgment was entered.

"(4) That on the said 15th day of June, 1907, the court had no jurisdiction of the defendant and no jurisdiction to hear and try said action."

After a hearing was had on this motion the same was denied by the district court, and thereupon defendant, through its counsel, appears to have made a motion, orally, in open court, for leave to file an answer to the complaint. This motion was denied by the court. Judgment was thereupon entered in the district court against the defendant company for the same amount as had been previously entered in the probate court. This appeal is from the judgment.

Appellant's first contention is that no valid summons was issued against the defendant, for the reason that the summons was neither signed by the probate judge nor the clerk of the probate court, and that as a matter of fact it should have been signed by the probate judge, and that the manner in which it was signed and issued amounted to no summons at all. This contention is based chiefly upon the provisions of the act of February 2, 1905 (Sess. Laws 1905, p. 29), which provides that all the proceedings in probate courts and the process, etc., shall be the same as in justices' courts. No contention is made in this action that the summons does not comply with the statutes in all other respects. Sec. 3844, Rev. Stat., provides for a clerk of the probate court, and authorizes the judge of that court to act as clerk of his own court or to appoint some other person to act as clerk of such court. This section of the Revised Statutes must be read in connection with the act of February 2, 1905, *supra.* A justice of the peace has no clerk. The statute makes no provision for a clerk of the justice court. It therefore devolves upon the justice of the peace to perform all the ministerial acts in connection with that court as well as the judicial acts. On the contrary, a probate court is provided with a clerk.

The issuance of a summons is purely a ministerial act, and its issuance is clearly within the province of the duties of the clerk of that court. It is true that this summons is not signed by the probate judge, but it is signed by the clerk. The fact that he signs the probate judge's name by himself as clerk does not invalidate the summons. He could have signed his own name as clerk of the probate court, and that would have been sufficient. A summons issued from a probate court should be signed by the clerk if a clerk of that court has been appointed, but if the probate judge is acting as *ex-officio* clerk of his own court, he may then sign it himself, and it will not be important whether he designate himself as judge or as *ex-officio* clerk. There is no merit in this objection.

The return in this case was sufficient to give the probate court jurisdiction to enter a judgment against the defendant. It showed that the defendant was a foreign corporation and that it was doing business in Bonner county, and that it had its principal place of business in Bonner county. It also showed that the defendant had failed to comply with the laws of this state in designating an agent upon whom service of process might be had, and that service had been made on the county auditor. It is true the return was not as complete as it might have been. Any uncertainty or ambiguity, however, on the return should have been taken advantage of by a motion to quash, and cannot be availed of on appeal after default. (*Parker v. Wardner*, 2 Ida. 285, 13 Pac. 172.) Whatever defect, uncertainty or ambiguity may have existed in the return, it was not of so serious a nature as to render the service and return void.

Complaint is made by appellant against the judgment on the ground that the return day was June 12th, whereas the proofs were not taken and judgment was not entered until June 15th. Appellant relies on sec. 4701, Rev. Stat., which provides that: "Unless postponed as provided in this chapter, or unless transferred to another court, the trial of the action must commence at the expiration of one hour from the time specified in the summons for the appearance of defendant.

and the trial must be continued, without adjournment for more than twenty-four hours at any one time, until all the issues therein are disposed of.'' The objection that is made here is that the case was not postponed from the 12th to the 15th, and that the court therefore lost jurisdiction. This was at most an irregularity which did not go to the jurisdiction of the court. In other words, the fact that proofs are not made or judgment entered on the return day named in the summons does not *ipso facto* oust the court of jurisdiction. By that act alone the court does not lose jurisdiction of the action. A different question might arise if judgment should not be entered at the proper time and the defendant should appear before the proofs were finally made and a judgment entered and make inquiry as to the condition of the case or the date on which judgment would be entered, and should be misled or deceived on account thereof. No such condition arises, however, in this case, and under the facts of the case as disclosed by the record, we are satisfied that the court did not lose jurisdiction.

The last point urged by appellant is that since it had appealed on questions of both law and fact, and the court denied its motion going to the jurisdiction, it should have allowed an answer to be filed. Appellant contends that under sec. 4840, Rev. Stat., it was entitled to a trial *de novo.* If the defendant failed to appear and answer in the probate court, and failed to raise any issue in that court, we are unable to see whereby it had any issue of fact to try anew in the district court. It certainly had no right to frame an issue in that court. It did not see fit to join issue in the probate court or raise any issue of fact there. It had no right to appeal to the district court and there for the first time make answer and raise an issue of fact. A trial *de novo* implies the trying *anew* an issue that has been previously tried. (*In re McVay's Estate, ante,* p. 56, 93 Pac. 32; *Southern Pac. Co. v. Superior Court,* 59 Cal. 471; *Hall v. Armstrong,* 1 Nev. 96; *Martin v. District Court,* 13 Nev. 90; *Myrick v. Superior Court,* 68 Cal. 98, 8 Pac. 648.)

No error appearing in the record, the judgment of the district court will be affirmed, and it is so ordered. Costs in favor of the respondent.

Sullivan, J., and Stewart, J., concur.