(April 21, 1916.)

A. A. FRASER and T. L. MARTIN, Plaintiffs, v. HON. CARL A. DAVIS, Judge of the District Court of the Third Judicial District, in and for Ada County, Defendant.

[156 Pac. 913.]

PROBATE MATTERS — DISTRICT COURT'S JURISDICTION — WRIT OF PROHIBITION—ABSENCE OF OTHER REMEDIES CONTROLLING.

1. Sec. 21, art. 5, of the constitution grants to probate courts exclusive original jurisdiction in all matters of probate, and as to such matters the probate court is a court of record, to the judgments, records and proceedings of which absolute verity is attached. (*Estate of McVay,* 14 Ida. 64, 93 Pac. 31, approved and followed.)

2. Sec. 20, art. 5, of the constitution grants to the district court original jurisdiction in all cases both at law and in equity, and such appellate jurisdiction as may be conferred by law.

3. Sec. 4836, Rev. Codes, which expressly applies to appeals to district courts from probate courts in probate matters, and which provides that "The appeal may be taken upon questions of law or upon questions of both law and fact," confers appellate jurisdiction upon the district court to try *de novo* the same issues of law or of both law and fact as were heard and determined by the probate court; and whatever judgment may be entered in the district court shall be certified back to the probate court for execution in accordance therewith.

4. *Held,* under the facts in this case, plaintiffs have a plain, speedy and adequate remedy in the ordinary course of law, and no pressing necessity appearing to warrant the interposition of the writ of prohibition, it is denied. (*Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40, approved and followed.)

[As to existence of other remedy in application for writ of prohibition, see note in 111 Am. St. 960.]

Original application for writ of prohibition. Demurrer to petition sustained, writ denied and proceedings dismissed.

A. A. Fraser and T. L. Martin, for Plaintiffs.

Under secs. 20 and 21, art. 5, of our constitution, we contend that the district court has no original jurisdiction, nor

can it try *de novo* appeals from the probate court in matters affecting the settlement of estates, etc. (*Estate of McVay,* 14 Ida. 64, 67, 93 Pac. 31; *Connolly v. Probate Court,* 25 Ida. 35, 45, 136 Pac. 205; *Miller* v. *Mitcham,* 21 Ida. 741, 123 Pac. 941; *In re Bowen,* 34 Cal. 682, 688; *Territory v. Mix,* 1 Ariz. 52, 25 Pac. 528.)

Where the matter of fixing fees or rates has been committed by the legislature to some body or tribunal, the courts cannot substitute their judgment for the judgment of such a tribunal. (*Lanning v. Osborne,* 76 Fed. 319, 366.)

Under the statute, and even in the absence of a statute, the probate court is the proper court to fix the fee in this case. (*Walton v. Yore,* 58 Mo. App. 562; *Robinson v. Fidelity Trust Co.,* 11 Ky. Law Rep. 313, 11 S. W. 806; *Cole v. Superior Court,* 63 Cal. 86, 49 Am. Rep. 78; *Wilbur v. Wilbur,* 138 Ill. 446, 452, 27 N. E. 701.) The statute in question under which the fee was fixed was taken from California, and has been construed in that state. (*In re Carpenter's Estate,* 146 Cal. 661, 80 Pac. 1072.) The motion to affirm the judgment of the probate court should be sustained. The statute under which this appeal is taken is sec. 4836, Rev. Codes, and it provides, among other things, as follows: "If the appeal be upon questions of both law and fact, the trial in the district court shall be *de novo.*" (*Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40; *Curtis v. Laughlin,* 146 Mo. App. 470, 124 S. W. 56; *Sutton v. Crawford Estate,* 165 Mich. 527, 130 N. W. 1121.)

The order of the probate court allowing an attorney's fee cannot be reversed unless there is a plain abuse of discretion. (*Estate of Gasq,* 42 Cal. 289; *In re Adams' Estate,* 131 Cal. 415, 63 Pac. 838; *Goodman v. Minear Mining & Milling Co.,* 1 Ida. 131; *Watt v. Decker,* 16 Ida. 184, 101 Pac. 253.)

The discretion of a court of original jurisdiction will not be disturbed unless there is a clear showing of abuse of discretion. (*Gibbert v. Washington Water Power Co.,* 19 Ida. 637, 115 Pac. 924; *Cox v. Northwestern Stage Co.,* 1 Ida. 376; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; *Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55; *Miller v. Brown,* 18 Ida. 200,

109 Pac. 139; *Richards v. Richards,* 24 Ida. 87, 132 Pac. 576; *De Puy v. Peebles,* 24 Ida. 550, 135 Pac. 264.)

John F. Nugent and Wood, Driscoll & Wood, for Defendant.

An appeal will lie from whatever judgment may be finally entered by the district court, and that being true, the case of *Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40, is conclusive and determinative of this matter.

Under the constitution and the statute, a trial *de novo* did not and could not make the district court a court of "original jurisdiction," in which demurrers might be filed, amendments made to pleadings, and new issues raised, but, on the contrary, on a trial *de novo* in the district court, the matter must be heard on the same issues, both in law and in fact, as in the probate court. (*In re McVay's Estate,* 14 Ida. 64, 93 Pac. 31; *Kent v. Dalrymple,* 23 Ida. 694, 132 Pac. 301; *Estate of Christensen,* 15 Ida. 692, 99 Pac. 829.)

BUDGE, J.—This is an original application in this court for a writ of prohibition to restrain Hon. Carl A. Davis, district judge of the third judicial district, in and for Ada county, from proceeding with the trial of a cause wherein an appeal was taken upon both questions of law and fact in the matter of the estate of Edgar Wilson, deceased, on behalf of Laura Wilson, a minor, by her guardian, Laura D. Wilson.

From the affidavit or petition of the plaintiffs it appears that on January 7, 1915, Hon. Frank Martin, of Boise, presented and filed in the probate court of Ada county a petition to have admitted and probated a certain instrument as the last will and testament of Edgar Wilson, deceased; that thereafter Laura D. Wilson and Edgar Wilson, respectively widow and son of Edgar Wilson, deceased, by and through their attorneys, Messrs. Wood & Driscoll and John F. Nugent, Esq., initiated a contest to the probate of said purported will, and filed the same in the probate court; that under the terms of said will Laura Wilson, a minor and daughter of Edgar Wilson, deceased, was given, devised and bequeathed an estate

out of the community property of Edgar Wilson, deceased; that at the time of the initiation of the contest, Laura Wilson was a minor and interested in upholding the validity of the will; that on January 22, 1915, the judge of the probate court of Ada county, by an order duly made and entered, appointed Alfred A. Fraser, Esq., and T. L. Martin, Esq., guardians *ad litem* of Laura Wilson, with full power and authority to represent her in all matters connected with the probate of the will of Edgar Wilson, deceased; that thereupon these attorneys duly entered upon the discharge of their duties as such guardians *ad litem;* that on May 5, 1915, the contest against the admission of the will of Edgar Wilson, deceased, was dismissed and the will admitted to probate; that on September 16, 1915, Alfred A. Fraser, Esq., and T. L. Martin, Esq., filed their application in writing with the probate court for an allowance of attorneys' fees for representing Laura Wilson in the aforesaid matters; that on October 4, 1915, an answer was filed on behalf of Laura Wilson, contesting the allowance of the attorneys' fees in the amount claimed in the application, and on the same day a hearing was had before the probate court which resulted in the answer of Laura Wilson being stricken from the files; that evidence was thereafter taken in support of the application for the allowance of $3,000 attorney's fee, and on October 4, 1915, the probate court entered an order or judgment decreeing that the said Alfred A. Fraser, Esq., and T. L. Martin, Esq., be allowed the sum of $3,000 as attorney's fee for representing Laura Wilson, a minor, and protecting her interest in the matter of the contest to probate of the last will and testament of Edgar Wilson, deceased, and authorized the executor of the estate to pay to these attorneys $3,000 out of the share and interest of Laura Wilson in the estate of Edgar Wilson, deceased.

On December 3, 1915, Laura Wilson, by her guardian, Laura D. Wilson, duly filed a notice and undertaking on appeal to the district court from the order or judgment above mentioned. After this appeal was filed in the district court, and within the time required by law, Alfred A. Fraser, Esq., and T. L. Martin, Esq., filed in said district court a motion

to affirm the judgment or order of the probate court in the matter of fixing the attorney's fee, and objected to a trial *de novo,* upon the ground that the amount of the attorney's fee which should be awarded the guardians *ad litem* for appearing for said minor is a matter committed by statute to the discretion of the probate judge, and that an appeal will not lie from an order of a probate judge fixing attorneys' fees, except upon a showing of an abuse of discretion, and that there is nothing in the record appealed from which shows, or tends to show, any abuse of discretion on the part of the probate judge.

On March 22, 1916, the judge of the district court in which this appeal from the judgment or order of the probate court was being prosecuted denied respondents' motion to affirm the judgment or order of the probate court, and made and entered an order to the effect that the judgment or order of the probate court fixing and allowing the attorney's fee was one in a probate matter from which an appeal would lie to the district court, where the same would be heard *de novo.* He then set the case down for trial.

Messrs. Fraser and Martin by their petition seek to procure a writ of prohibition to be issued out of this court to Hon. Carl A. Davis, as judge of the district court of the third judicial district, in and for Ada county, to restrain him from proceeding with the trial *de novo* in his court of this appeal.

To the petition for the writ of prohibition a demurrer was interposed by counsel for Laura D. Wilson, as guardian of Laura Wilson, which demurrer attacks the petition upon the ground that it clearly appears therefrom that the plaintiffs have a plain, speedy and adequate remedy in the ordinary course of law by appeal to this court from any final order or judgment of the district court, and that no pressing necessity appears to warrant the interposition of the writ of prohibition. Upon this and the further ground that the order or judgment allowing the attorney's fee entered by the probate court was made in a probate matter from which an appeal lies to the district court under sec. 4836, Rev. Codes, upon ques-

tions of law or upon questions of law and fact, they urge that the writ be denied.

Section 4836, *supra*, which expressly applies to appeals to district courts from probate courts in probate matters, provides: "The appeal may be taken upon questions of law or upon questions of both law and fact. If taken upon questions of law alone, the district court may review any such question which sufficiently appears upon the face of the record or proceeding, without the aid of a bill of exceptions, and no bill of exceptions shall be allowed or granted in the probate court in probate matters. If the appeal be upon questions of both law and fact, the trial in the district court shall be *de novo*."

Plaintiffs rely upon sec. 5669, Rev. Codes, as authority for their appointment by the probate court as guardians *ad litem* for Laura Wilson, and for their right to have the order or judgment of that court fixing the attorney's fee affirmed. This section, among other things, provides that "At or before the hearing of petitions and contests for the probate of wills; .... the court may, in its discretion, appoint some competent attorney at law to represent, in all such proceedings, the devisees, legatees, heirs, .... of the decedent, who are minors and have no general guardian in the county, .... The attorney may receive a fee, to be fixed by the court, for his services, which must be paid out öf the funds of the estate as necessary expenses of administration, and upon distribution may be charged to the party represented by the attorney. .... " They also contend that sec. 21, art. 5, of the constitution confers upon the probate court exclusive original jurisdiction in probate matters affecting the settlement of estates. This section provides: "The probate courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment of guardians; .... " And they further contend that, under sec. 20, art. 5, of the constitution which provides: "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law," district courts have no original jurisdiction in probate matters, nor can they

try *de novo* appeals from the probate courts in matters affecting the settlement of estates. In other words, their contention is that, under sec. 5669, Rev. Codes, the probate court was vested with authority to make their appointment and to fix the fee to be paid for their services, which compensation was to be deducted as a necessary expense of administration out of the estate of the minor; that under sec. 21, art. 5, of the constitution the probate court had exclusive original jurisdiction over these matters; and that sec. 20, art. 5, of the constitution is a limitation upon the jurisdiction of district courts to actions at law and suits in equity, and confers upon them no jurisdiction to try *de novo* appeals from the probate courts in matters affecting the settlement of estates. Plaintiffs also contend that they have no plain, speedy or adequate remedy at law, for the reason that any judgment entered by the district court upon a trial *de novo* would be without jurisdiction and void.

That the probate court is a court of original jurisdiction in all probate matters is admitted, but it does not necessarily follow that district courts are without appellate jurisdiction in probate matters. We think this question has been decided against the contention of the plaintiffs in the case of the *Estate of McVay,* 14 Ida. 64, 93 Pac. 31 (on rehearing), where this court, among other things, said: "An examination of secs. 20 and 21, art. 5, of the constitution, discloses at once the fact that the framers of that instrument saw fit to classify 'matters of probate, settlement of estates of deceased persons and appointment of guardians' as separate, distinct and aside from 'cases at law and in equity,' over which they gave the district court 'original jurisdiction.' It will also be seen from sec. 20 that 'in all cases, both at law and in equity,' from which they have clearly distinguished 'matters of probate, settlement of estates of deceased persons, and appointment of guardians,' the district court has 'original jurisdiction,' and that in all other matters which the legislature might provide for being heard in district courts, the jurisdiction should be solely 'appellate.' The words 'original jurisdiction' and 'appellate jurisdiction,' as employed

in sec. 20, are used in the clearest and most unequivocal contradistinction to each other.  By sec. 21, the probate courts. are given the sole and exclusive 'original jurisdiction' in all matters of probate.  As to those matters, the probate court is a court of record, to the judgment, records and proceedings of which, in such matters, absolute verity is attached in every respect as fully and completely as can attach to the records, judgments and proceedings of district courts or other courts of record.  (*Clark v. Rossier*, 10 Ida. 348, 78 Pac. 358, 3 Ann. Cas. 231; *In re Brady*, 10 Ida. 366, 79 Pac. 75.) Under sec. 20, art. 5, of the constitution, the legislature is the sole and exclusive judge as to the extent and scope of the 'appellate jurisdiction' that they will confer upon district courts.''

That the legislature has conferred appellate jurisdiction upon district courts in probate matters is clear from the discussion of that subject in the McVay case, *supra,* where the court says: ''It must be assumed that the legislature, when it passed the act of March 11, 1903 (Sess. Laws 1903, p. 372), [sec. 4836, Rev. Codes], providing for a trial '*de novo*' in the district court, on appeal from the probate court, in probate matters, was acting within the purview of the constitution and did not intend to go any further than to provide for the exercise of the 'appellate jurisdiction' of the district court. . . . . 'Appellate jurisdiction,' as used in sec. 20 of the constitution, is the direct antithesis of the words 'original jurisdiction' in the same section.''  The court after citing various authorities in support of this proposition, said further: ''Sec. 3 of the act of March 11, 1903, *supra,* provides: 'The appeal may be taken either upon questions of both law and fact.  If taken upon questions of law alone, the district court may review any such question which sufficiently appears upon the face of the record or proceeding, without the aid of a bill of exceptions, but no bill of exceptions shall be allowed or granted in the probate court in probate matters.  If the appeal be upon questions of both law and fact, the trial in the district court shall be *de novo*.'  That is, if the appeal is taken upon questions of law alone, the district court will

review such questions of law as were raised in the probate court upon the record, but will not permit any new questions of law to be raised. If the district court sustains the appellant's views, then the judgment will be reversed and the probate court directed to proceed accordingly. If, however, the district court affirms the judgment of the probate court, then the same is certified back to the probate court with the decision thereon. If the appeal be taken upon questions of both law and fáct, then the district court proceeds to try, first, the questions of law, and if the cause is reversed on questions of law, the questions of fact are not tried. If, however, the cause is not reversed on questions of law, then the same questions of fact as were tried in the probate court will be tried in the district court as other trials in said court are conducted. Witnesses may be called and may testify the same as in the trial of any other cause. In other words, this statute, under the constitution, grants to the district court appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court. Whatever judgment may be entered in the district court is to be certified back to the probate court for execution in accordance therewith.''

In the case at bar the district court, upon appeal, found that there had been no errors of law committed by the probate judge in the trial of this cause in the probate court, but, as the appeal had been taken upon both questions of law and fact, it ordered that a trial *de novo* be had upon the same questions of fact as were raised by the pleadings in the probate court and in the same manner as other trials are conducted. The trial judge no doubt based his conclusion upon the decision of this court in the case of *McVay's Estate,* on rehearing, *supra,* wherein it is expressly held that sec. 4836, Rev. Codes, confers upon the district court appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court; and in so doing, the district court was acting within the purview of sec. 20, art. 5, of the constitution. The legislature in the enactment of sec. 4836, *supra,* did not violate the provisions of sec. 21,

art. 5, of the constitution, as it only provided for the exercise of *appellate jurisdiction* by district courts in probate matters, in accordance with sec. 20, art. 5, of the constitution.

In the case of the *Estate of Christensen,* 15 Ida. 692, 99 Pac. 829, and *Kent v. Dalrymple,* 23 Ida. 694, 132 Pac. 301, this court held that an appeal upon questions of both law and fact from any order or judgment entered in a probate matter by the probate court was subject to be tried *de novo* upon appeal to the district court, which had appellate jurisdiction to retry the same issues of law and fact as were heard and determined in the probate court upon the original pleadings, and whatever judgment was entered in the district court was to be certified back to the probate court for execution in accordance therewith.

We have possibly gone further than was necessary in disposing of this case on the demurrer, but we have done so in order to settle the question of the right to a trial *de novo* in the district court on appeal of questions of both law and fact from the probate court in a probate matter. We are satisfied, however, that, upon the authority of the case of *Olden v. Paxton,* 27 Ida. 297, 150 Pac. 40, and the cases therein cited, an appeal would lie to this court from any decision rendered in the district court, and that the plaintiffs have a plain, speedy and adequate remedy in the ordinary course of law.

It is contended by plaintiffs in their brief that the district court has appellate jurisdiction, in the absence of an abuse of discretion, to affirm the order or judgment of the probate court. The rule is well established that when a court has any jurisdiction, either at law or in equity, a writ of prohibition will not lie. But admitting that the court is wholly without jurisdiction, this would not be a proper case for the invocation of the extraordinary writ of prohibition, if we follow the rule announced in the case of *Lindley v. Superior Court of Siskiyou County,* 141 Cal. 220, 74 Pac. 765, in which case the court held that where a superior court is without jurisdiction, there is a remedy by appeal from any adverse judgment affecting the parties, and the fact that the

trial will be expensive and troublesome is not a sufficient ground for interfering by prohibition, and said: "The establishment of a rule allowing a resort to a writ of prohibition on that ground alone would involve too serious and too frequent interruptions to the business of the court." In the case of *State ex rel. Board of Commrs. of King County v. Superior Court,* 73 Wash. 296, 131 Pac. 816, the court held that the extraordinary writ of prohibition would not lie where there was an adequate remedy by appeal, and that the *adequacy of the remedy by appeal is the true test* in all cases, and not the mere question of jurisdiction or lack of jurisdiction in the court below to render the judgment; also that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense.

Plaintiffs concede that an appeal will lie in the case at bar to the district court for the purpose of affirming the judgment of the probate court, but insist that they have no speedy remedy, and that should a judgment be entered in the district court, the same would be null and void. Since we have reached the conclusion that the case may be tried anew in the district court, and that the district court has appellate jurisdiction under the constitutional and statutory provisions heretofore cited, this objection raised by plaintiffs is removed.

The demurrer is sustained and the writ denied. Costs are awarded to defendant.

Sullivan, C. J., and Morgan, J., concur.

(June 28, 1916.)

### ON PETITION FOR REHEARING.

[158 Pac. 233.]

FEES OF GUARDIAN AD LITEM—COURT MUST FIX.

5. *Held,* that on an appeal from the decision of the probate court fixing the fees of an attorney appointed as guardian *ad litem,* under the provisions of sec. 5669, Rev. Codes, the judgment entered in such matter by the district court is final and binding upon the guardian of the minor unless such judgment is reversed on appeal.

6. *Held,* under the provisions of sec. 5669, Rev. Codes, it is the duty of the probate court, without the assistance of a jury, to fix the fee of the attorney appointed as guardian *ad litem,* and on appeal to the district court it is the duty of the district court to review said matter and fix the fee without the assistance of a jury.

[As to rights, powers and duties of guardians *ad litem,* see note in 97 Am. St. 995.]

SULLIVAN, C. J.—A petition for rehearing has been filed in this case and a rehearing is asked on two grounds. The first involves the question of whether the district court on a trial of this case *de novo* has power to enter a judgment or whether it has only power to review the action of the probate court and either reverse or affirm such action and then remand the case to the probate court. The second involves the question whether the district court has jurisdiction to enter judgment for the amount of attorneys' fees due petitioners under the law authorizing the appointment of said petitioners as guardians *ad litem* to represent said minor. These questions will be answered together.

The district court upon a trial of this case has jurisdiction to determine the amount of the fee that plaintiffs are entitled to and enter judgment for such amount, and such judgment is binding upon the parties to this proceeding unless reversed on appeal.

Sec. 5669, Rev. Codes, provides, among other things, that the attorney so appointed by the court may receive a fee to be fixed by the probate court for his services. This contemplates that such fee must be fixed by the court and not by a

jury. Neither of the parties was entitled to a jury trial in the probate court, and on an appeal to the district court, that court should fix the fee without submitting the question to a jury.

With the foregoing additions to the original opinion, the petition for rehearing is denied.

Morgan, J., concurs.

Budge, J., dissents.