(July 22, 1920.)

# W. E. COLLINS, as Guardian, Appellant, v. WILLIAM LINDSAY, Respondent.

### [191 Pac. 357.]

GUARDIAN AND WARD—APPOINTMENT OF GUARDIAN—APPEAL TO THE DISTRICT COURT IN GUARDIANSHIP MATTERS.

1. Under C. S., sec. 7173, an appeal lies from the probate court to the district court from an order granting or refusing to grant letters of guardianship.

2. Upon an appeal to the district court from the probate court in guardianship matters, upon questions of both law and fact, the trial in the district court shall be *de novo*. The district court has jurisdiction to retry only the issues framed in the probate court, and is authorized to enter a proper judgment upon the issues before it. Its judgment should be certified back to the probate court for execution.

3. Issuance of letters of guardianship by the district court in pursuance of its judgment ordering the appointment of a guardian, upon an appeal from the probate court from an order refusing to appoint a guardian, is an irregularity.

4. Upon the resignation of a guardian to whom letters of guardianship were irregularly issued out of the district court, the probate court has power to appoint a guardian in his stead upon proper proceedings taken therefor.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Petition for the settlement of final account of guardian of an incompetent person. Judgment that guardianship proceedings were void *ab initio*. *Reversed.*

W. A. Beakley, for Appellant.

Peterson & Coffin, for Respondent.

RICE, J.—W. E. Collins filed his final account in the probate court of Bingham county, in which he alleged that he was appointed guardian of William Lindsay, an incompe-

tent person, on December 28, 1918, in place of V. K. Tuggle, who had resigned as guardian. William Lindsay filed objections to the allowance of the final account, and the various items thereof, and denied that Collins was ever appointed guardian of his person or estate. From the exhibits in the case it appears that Lindsay was duly restored to competency by order of the probate court on May 26, 1919. The probate court entered an order settling the account. Lindsay appealed to the district court from the order of settlement upon questions both of law and fact. A hearing was had by the district court, and the following order was entered therein:

"Now, therefore it is hereby ordered, adjudged and decreed, that the guardianship proceedings against William Lindsay are and were void and null and of no effect *ab initio* and that W. E. Collins nor any other person was ever the legal or other guardian of William Lindsay's person or estate, and all proceedings had thereunder are void; that each and every claim filed against William Lindsay in said void proceedings and each and every claim filed against the estate of William Lindsay in said void proceedings were and are invalid and are hereby disallowed."

Collins has appealed to this court.

The district court did not indicate in its order the grounds upon which it held the guardianship proceedings to be void.

From the exhibits in the case it appears that a petition was filed in the probate court of Bonneville county by Lula K. Lindsay, wife of respondent, praying that respondent be adjudged insane and incompetent to manage his affairs, and that V. K. Tuggle be appointed as guardian of his person and estate. Upon the hearing on the petition the probate court found that respondent was capable of taking care of himself and managing his property, and thereupon entered the following order:

"It is therefore considered, adjudged and decreed by the court that the petition filed herein by Lula K. Lindsay for the appointment of a guardian for the person and estate of William Lindsay, and adjudging said William Lindsay to

be insane and incompetent to manage his affairs, be and the same is hereby denied and dismissed.''

Lula K. Lindsay appealed to the district court from the last-mentioned order on questions of both law and fact. The district court reversed the order of the probate court, and found that respondent was of unsound mind and mentally incompetent to manage his property and affairs, and entered an order to the effect that V. K. Tuggle, of Idaho Falls, ''be and he is hereby appointed guardian of the person and estate of William Lindsay, incompetent.'' Upon the qualification of V. K. Tuggle letters of guardianship were issued to him by the district court, and the cause was returned to the probate court with instructions to proceed with the administration of the estate according to law. Thereafter Tuggle resigned as guardian, and the appellant herein was by the probate court of Bingham county appointed guardian of the person and estate of Lindsay.

It is contended by counsel for respondent that no appeal lies from a finding by the probate court that a person is competent.

C. S., sec. 7173, in part is as follows:

''An appeal may be taken to the district court of the county from a judgment or order of the probate court in probate matters:

''1. Granting, refusing or revoking letters . . . . of guardianship.''

We are referred by respondent to the cases of *In re Moss,* 120 Cal. 695, 53 Pac. 357, and *In re Funkenstein's Estate,* 170 Cal. 594, 150 Pac. 987. These cases are authority for the position that an appeal lies from the order granting or refusing to grant letters of guardianship only, and not from any preliminary finding of competency or incompetency. In the case at bar the appeal was from the order of the probate court in which the petition for the appointment of a guardian was denied. The denial of the petition is tantamount to refusal to order the issuance of letters of guardianship. Under the statute, therefore, the appeal vested the district court with jurisdiction.

C. S., sec. 7178, provides that if an appeal to the district court from the probate court in probate matters be on questions of both law and fact, the trial in the district court shall be *de novo.* Under this statute the district court had jurisdiction to retry the issues presented by the petition. (*In re Estate of McVay* (on rehearing), 14 Ida. 64, 93 Pac. 31; *Fraser v. Davis,* 29 Ida. 70, 156 Pac. 913, 158 Pac. 233.)

The district court, while hearing an appeal from a probate court in probate matters, does not exercise the powers conferred upon it by the constitution as a court of general jurisdiction, but exercises the powers conferred by the constitution upon the probate court in probate matters. (*Appeal of Slattery,* 90 Conn. 48, 96 Atl. 178; *Holt v. Guerguin* (Tex. *Civ.*), 156 S. W. 581; 21 Stand. Ency. of Proc. 670.)

The district court in the exercise of its appellate jurisdiction is authorized to enter a proper judgment upon the issues before it. There its jurisdiction ends, and whatever judgment is entered should be certified back to the probate court for execution in accordance therewith. (*In re Estate of McVay, supra; Fraser v. Davis* (on rehearing), 29 Ida. 81, 156 Pac. 913, 158 Pac. 233.)

The district court should have remanded the cause to the probate court upon the order of appointment of Tuggle as guardian, leaving it to the court to issue letters and proceed with the administration of the estate.

However, the issuance of the letters out of the district court was an irregularity, and upon the resignation of the guardian so appointed the probate court had power to appoint a guardian in his stead upon proper proceedings taken therefor. Respondent's denial that appellant was ever appointed guardian of his person or estate is in the nature of a collateral attack upon the order of the probate court appointing appellant as such guardian. (*In re Brady,* 10 Ida. 366, 79 Pac. 75.) Since the probate court had power to make the appointment, its action in so doing was not void, and is not open to successful collateral attack.

The judgment of the district court must be reversed, and the cause remanded with directions to the court to proceed with the settlement of the account. Costs awarded to appellant.

Morgan, C. J., and Budge, J., concur.