[Civ. No. 8719. First Appellate District, Division Two.—November 3, 1932.]

JOSEPH GEORGE OTT, Appellant, v. MARIA OTT, Respondent.

Joseph C. Meyerstein for Appellant.

Boyd Oliver and Roy A. Sharff for Respondent.

STURTEVANT, J.—The plaintiff has appealed from an order modifying a portion of a final decree of divorce. The plaintiff and defendant were husband and wife, but the plaintiff was given an interlocutory decree of divorce on February 6, 1925. Thereafter on February 17, 1926, the interlocutory decree was made final. Before the plaintiff applied for a divorce he had become the owner of a certain lot which had standing thereon two flats. Before the divorce action was commenced the plaintiff entered into a contract with his wife in which he agreed to pay her the sum of $4,000. After the divorce was granted the plaintiff occupied one flat and his former wife and their two children occupied another flat in the same building. Among other things, the interlocutory decree contained a paragraph as follows: "And it is further ordered, adjudged and decreed that the custody of the minor children of the parties hereto, be, and the same is, awarded to the plaintiff herein." That same passage was carried into the final decree. At the time the action was commenced the two minor daughters, Joan and Irene, were residing with the mother. They continued to reside with her down to the thirtieth day of June, 1929, at which time the plaintiff took them from her custody. Thereupon she applied to the trial court for an order modifying the divorce decree. Before making that application the mother had remarried. Her second husband is George Hinz. After their marriage Mr. and Mrs. Hinz continued for a time to occupy the flat hereinabove mentioned. Later they moved to 2125 Howard Street. Mr. Hinz is a mechanic receiving $37 per week.

The plaintiff earnestly contends that as the trial court made an order regarding the custody of the minors when framing the interlocutory decree and carried it into the final decree, that said order should not have been modified excepting on a showing of changed conditions affecting the welfare of the children. Conceding that the point is well taken it is a sufficient reply to state that the remarriage of the mother constituted at least some showing of changed conditions.

The next point made by the plaintiff is that the trial court made two orders—one on the seventh day of October, 1929, and the second on the fourteenth day of October, 1929.

The defendant replies that the order made on the seventh day of October, 1929, is a copy of the clerk's minutes on the subject and the document purporting to be the order of October 14, 1929, is the instrument that was in fact the order and the document signed by the trial judge. While these facts are not made clear by the record, the distinction is not controverted by the plaintiff in his reply brief. Nevertheless if the two documents are compared one with the other it will be noticed that the one dated October 14th is but a more complete statement of the facts recited in the one dated October 7th. It is therefore clear that the rights of the plaintiff were not prejudiced.

During the examination of the defendant while a witness on the stand several questions were propounded to her about her relations with a man in Germany during the year 1924. To those questions the defendant interposed objections which were sustained by the trial court. In making those rulings the trial court did not err. The question before the court was whether the mother was a proper person at the time of the hearing of the motion and was not in any sense an investigation as to misconduct, if any, committed many years prior thereto. (*In re Green,* 192 Cal. 714, 721 [221 Pac. 903].)

Finally, it is asserted that the plaintiff should have been allowed to prove that before the divorce was granted the mother and father discussed the custody of the children. From what has been said above it is clear that that subject was not relevant to the proceeding on trial.

The order is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1932.