[Civ. No. 13605.   First Dist., Div. Two.   June 7, 1948.]

Guardianship of the Person and Estate of GARY ALLEN JONES, a Minor.   WILLIAM JONES, Appellant, v. EDNA MAY JONES, Respondent.

Crozier C. Culp for Appellant.

Roos & Jennings and Leslie L. Roos for Respondent.

DOOLING, J.—This is an appeal by the paternal grandfather of Gary Allen Jones, a minor, from an order appointing respondent, the mother of said minor, the guardian of his person and estate and denying appellant's petition for letters of guardianship. The minor was born in 1943. In 1946, Kenneth George Jones, the father of the minor, secured an interlocutory decree of divorce from the respondent by which

the custody of the minor was awarded to the father. On March 5, 1947, a final decree of divorce was entered in this action and a few days later the respondent married Paul Hiskey. On February 13, 1947, the father of the minor disappeared under circumstances suggesting suicide. On May 8, 1947, the respondent mother secured temporary custody of the minor by an ex parte order made pursuant to Probate Code, section 1442, the minor having been in the physical custody of his paternal grandparents from the time of his father's disappearance.

On the hearing of the petitions for guardianship which commenced on April 22, 1947, the appellant produced evidence of the respondent's adulterous relations with one Thackeray extending over a period of approximately one year from May or June, 1945 to June, 1946. The respondent first denied under oath any such relations with Thackeray but at a subsequent stage of the hearing she resumed the witness stand and voluntarily admitted the falsity of her previous testimony in this respect. Her explanation of her original denial of misconduct with Thackeray was that while her husband knew the facts other relatives and friends present in the courtroom did not and she was reluctant to have them disclosed in their presence.

Appellant sought to prove similar acts of misconduct with other men in the years 1943, 1944 and 1945. The trial judge, relying on the settled rule that the fact at issue was the present fitness of the respondent to have the custody of her child (*Prouty* v. *Prouty,* 16 Cal.2d 190 [105 P.2d 295] ; *In re Green,* 192 Cal. 714 [221 P. 903] ; *Guardianship of Case,* 57 Cal.App.2d 844 [135 P.2d 681] ; *Guardianship of McCoy,* 46 Cal.App.2d 494 [116 P.2d 103] ; *Ott* v. *Ott,* 127 Cal.App. 322 [15 P.2d 896] ), excluded all such evidence on the ground that it was too remote and (except in the case of Thackeray where the evidence of the entire course of conduct was allowed to be proved) ruled that no evidence of acts occurring prior to January 1, 1946, would be admitted.

There was ample evidence to support the trial court's finding of respondent's present fitness to have the custody of her child in the testimony of relatives, friends and neighbors and in a written report of the probation officer which was introduced into evidence by stipulation. As against the grandfather the respondent mother's right to the custody of her child upon her fitness being established is settled. (*Rob-*

*ertson* v. *Robertson,* 72 Cal.App.2d 129 and cases cited at p., 132 [164 P.2d 52].) Appellant insists, however, that the trial court committed reversible error in excluding the proffered evidence of misconduct with men other than Thackeray which occurred prior to January 1, 1946.

Evidence of the prior misconduct of the mother was only admissible insofar as it might be said to have evidentiary value on the question of her present fitness at the time of the hearing to have the custody of her child. The court said in *Prouty* v. *Prouty, supra,* 16 Cal.2d 190, 194: ''Evidence of prior acts of misconduct may be admissible if it can be said to have a direct bearing upon the issue of present unfitness, but such evidence should be limited to this issue alone.''

In the determination of the question whether evidence of acts of misconduct occurring in 1943, 1944 and 1945, was too remote to be admissible on the question of the mother's present fitness to have the custody of her child the trial court was clothed with a considerable amount of discretion and ''the admissibility of evidence in the face of objection upon the ground of its remoteness ordinarily should be left to the sound discretion of the trial court.'' (*People* v. *Boggess,* 194 Cal. 212, 235 [228 P. 448]; *Earl* v. *Times-Mirror Co.,* 185 Cal. 165, 170 [196 P. 57]; *Ott* v. *Ott, supra,* 127 Cal.App. 322, 324.)

The court had before it the evidence of respondent's quite persistent course of misconduct with Thackeray which was not terminated until June, 1946. The other acts sought to be proved antedated the course of misconduct with Thackeray. They might have added a flavor of promiscuity to the respondent's conduct at an earlier date but the court's real problem was to determine whether since breaking off with Thackeray the respondent had rehabilitated her character to such a point that at the time of the hearing she was a fit and proper person to have the custody of her child. It was found on sufficient evidence that she had done so. The more remote evidence of earlier misconduct could have little bearing on this crucial question. We cannot find any abuse of discretion in the exclusion of this evidence on the ground of remoteness.

The claim that this evidence should at least have been allowed for impeachment purposes, to contradict the respondent's testimony elicited under section 2055, Code of Civil Procedure, is untenable. The evidence having been

excluded on the ground of remoteness the appellant could not open the subject with respondent "for the purpose of eliciting something to be contradicted." (27 Cal.Jur. 107.)

The fact that respondent voluntarily admitted perjury in the matter of her relations with Thackeray does not establish her unfitness for the custody of her child as a matter of law. That was a fact to be weighed by the trial judge with all the other evidence and his conclusion that respondent was a fit and proper person finds support in the evidence as a whole.

The appellant's attack upon the ex parte order for temporary custody is moot since custody obviously cannot be restored to him retroactively.

The order is affirmed.

Nourse, P. J., and Goodell, J., concurred.