463 P.2d 928

**Mary Leona ROTTER and Alice Leona Halse, Plaintiffs-Respondents,**

v.

**Ramona ROTTER and Edith Skiens, Defendants-Appellants.**

No. 10341.

Supreme Court of Idaho.

Jan. 15, 1970.

Paul C. Keeton and D. K. Worden, Jr., Lewiston, for appellants.

Jerry V. Smith and Leslie T. McCarthy, Lewiston, for respondents.

SPEAR, Justice.

The original opinion herein released on November 14, 1969 is withdrawn, the petition for rehearing thereon denied, and this opinion substituted therefor.

This action arises out of a dispute in the probate court over the appointment of a testamentary guardian for a three year old child. On appeal to the district court, respondent Alice Halse, the child's paternal aunt, was granted summary judgment appointing her testamentary guardian, despite the fact that she had not petitioned for such appointment in the probate court. From that judgment, Ramona Rotter, the child's mother, and Edith Skiens, the maternal grandmother, appeal to this court.

In May 1967, Ralph and Ramona Rotter were divorced in the District Court of the Second Judicial District, Nez Perce County, and the custody of the only child of the marriage, Shawna Diane, born on the 15th day of April, 1965, was awarded temporarily to Edith Skiens until such time as Ralph returned from the service, at which time further consideration was to be given to the custody. Ralph was killed in Viet Nam on the 2nd of January, 1968, leaving a will, executed on May 10, 1967, naming his mother, Mary L. Rotter, as guardian of his daughter, or alternatively his sister Alice L. Halse.

Mary Rotter filed a petition for guardianship over the person and estate of the child in the Probate Court of Nez Perce County on January 22, 1968, and was ap-pointed the guardian *of the estate* of the child pursuant to the will of Ralph Rotter, and that matter is not in controversy. Therefore further discussion is limited to the guardianship *over the person* of the child.

On February 26, 1968 a habeas corpus proceeding was heard by the District Court of the Second Judicial District, Nez Perce County, pursuant to a petition by Mary Rotter. At the close of all the evidence the proceeding was dismissed for lack of jurisdiction on grounds that the probate court was the proper court having exclusive jurisdiction over the appointment of a testamentary guardian.

A hearing was then set for April 22, 1968, in the Nez Perce County Probate Court on the petition for guardianship previously filed by Mary Rotter. On April 23, 1968, Edith Skiens filed a petition of guardianship in the Nez Perce County Probate Court, and attached thereto an affidavit of consent from Ramona Rotter (the natural mother) consenting to the appointment of Edith Skiens as guardian. The Nez Perce County Probate Court assigned the case to the Clearwater County Probate Court. Mary Rotter then filed a motion to dismiss the Skiens petition on the grounds that an action was already pending in the Nez Perce County Probate Court. Clearwater County Probate Court Judge John Loseth granted the dismissal motion.

Edith Skiens then filed a motion to dismiss the petition of Mary Rotter, and Nez Perce County Probate Judge Marian Swartz granted the motion on the ground that it had no jurisdiction of the case, since the consent of the child's mother was required under I.C. § 15–1812, and no such consent had been given.

Both Mary Rotter and Edith Skiens appealed to the district court from the respective dismissals, and the actions were joined for convenience. Mary Rotter filed a motion for summary judgment with attaching affidavits, and Edith Skiens answered with counteraffidavits. An amend-

ed petition for guardianship and an amended motion for summary judgment were then filed by Mary Rotter *and Alice Halse.* The district court granted the summary judgment motion, appointing Alice Halse as guardian of Shawna Diane Rotter, and from such judgment Ramona Rotter and Edith Skiens have perfected this appeal.

■ Appellants contend the district court erred in appointing Alice Halse as testamentary guardian because she had never submitted a petition to the probate court. The respondents, on the other hand, argue that a testamentary guardian appointed or named in a will receives his power from the testator and needs no appointment by the probate court. The question presented, therefore, is whether the appointment of a testamentary guardian in a will is valid without the subsequent appointment or approval of the probate court.

The statutes controlling the appointment of a testamentary guardian are I.C. §§ 15–1812 and 15–1813. Section 15–1812 of the Idaho Code provides:

"*Testamentary guardian—Appointment.*— A guardian of the person or estate, or of both, of a child born, or likely to be born, may be appointed by will or by deed, to take effect upon the death of the parent appointing:

1. If the child be legitimate, by the father, with the written consent **of the** mother, or by either parent, if the other be dead or incapable of consent.

2. If the child be illegitimate, by the mother."

Section 15–1813 provides:

"*Testamentary guardian—Bond.*—Every testamentary guardian must give bond *and qualify,* and has the same powers, and must perform the same duties, with regard to the person and estate of his ward, as guardians appointed by the probate court, except so far as their powers and duties are legally modified, en-

larged, or changed by the will by which such guardian was appointed." (emphasis added)

Although neither of the two statutes quoted above specifically provides that a testamentary guardian appointed in a will must also be subsequently appointed by a court, I.C. § 15–1813 states that "[e]very testamentary guardian must give bond and qualify * * * as guardians appointed by the probate court." These words, in the same context as presented in this case, have been the subject of litigation previously in the State of Oklahoma.

In 1933 the Oklahoma Supreme Court interpreted Section 1433 of the Oklahoma Statutes which, for our purposes, is identical to I.C. § 15–1813.[1] The court held that a testamentary appointment of a guardian did not become operative until such time as he was "qualified" by being appointed by the court. It further held that a testamentary guardian need not in every instance be appointed or confirmed by the court, and if such person were not qualified he should not be appointed. Jackson v. Haney, 166 Okl. 13, 25 P.2d 771 (1933). In accord Comerford v. Cherry, 100 So.2d 385 (Fla.1958), 67 A.L.R.2d 796; In re Hoppe's Guardianship, 32 N.J.Super. 460, 108 A.2d 664 (1954).

■ We agree with the Oklahoma court's interpretation of the statute. If a testamentary guardian did not need to be approved through the process of qualifying before the court, no assurance would exist that he had taken out a bond nor that he was qualified. In such a case, anyone who was named or appointed in a will would be able to serve as a testamentary guardian over a minor regardless of the fact that he might be wholly incapable of caring for a child and wholly incompetent to handle the financial affairs of the minor. We do not think the statute was meant to allow one to become a guardian over a minor without some determination of the qualifica-

---

1. The words "probate court" in I.C. § 15–1813 replace the words "county court" in the Oklahoma Statute, a distinction of no consequence in a comparison of the meaning of the two statutes.

tions of such person to be a guardian. Indeed, such a ruling would render the word "qualify" in the statute meaningless. The purpose of the statute, rather, is to allow a deceased parent some preference in the choice of a guardian for his child, while preserving for the child and the parent the primary protection of having a guardian appointed who is fit, able, and willing to act as a competent guardian. As stated by the court in Jackson v. Haney, supra:

"This right of a parent while living to select the guardian for his child is a right of value, and, when it is properly exercised, it must be respected, and no * * * court has the right to disregard this testamentary appointment in the absence of allegations or proof that the guardian appointed by the will is an unfit person to act as guardian, or for some special reason has become disqualified to act. We do not mean to say that the testamentary guardian must in every instance be confirmed by the * * * court, because cases might arise where, between the date of the making of the will and the date of the qualification of the guardian a change would occur, and the testamentary guardian might change into and become a person wholly unfit to have the guardianship of a minor, or might for some special cause be wholly disqualified to act as guardian for the particular minor, and in such case his testamentary appointment should not be approved, * * *." 25 P.2d at p. 774.

We hold, therefore, that for a testamentary guardian to "qualify" under I.C. § 15–1813, the appointment under the will must be approved and confirmed by the proper court.

Alice Halse was appointed testamentary guardian by the district court. Appellants contend, however, that since Alice Halse did not file a petition of guardianship in the probate court, but merely joined Mary Rotter in an amended petition in the district court on appeal, the district court was without jurisdiction to appoint her as guardian, and Alice Halse

did not qualify as required under I.C. § 15–1813. The basic question presented by these contentions is: Which is the proper court to make the appointment of a testamentary guardian, the probate court or the district court?

In Spaulding v. Children's Home Finding and Aid Society, 89 Idaho 10, 402 P.2d 52 (1965), the court was confronted with the question of which court has jurisdiction in guardianship matters and ruled as follows:

"The probate court is a court *of record* with original jurisdiction in the matter of appointment of guardians, Idaho Const. Art. V, § 21, continued in effect until otherwise provided by law, Idaho Const., Art. V, § 2, 1962 amendment." 89 Idaho at p. 24, 402 P.2d at p. 60.

Although Art. V, § 21 was repealed in 1962 when the proposal made by S.L.1961, p. 1077, H.J.R. No. 10 was ratified at the general election held November 6, 1962, the court reorganization legislation abolishing the probate court, together with the justice of the peace and police courts, does not become effective until January 11, 1971. S.L.1969, Ch. 100, p. 344.

In providing for the appointment of guardians, Idaho Const. Art. V, § 21 makes no exclusion of testamentary guardians, and thus their appointment is controlled therein. On appeal from such appointment of a testamentary guardian upon questions of both law and fact, the jurisdiction of the district court is limited to a trial *de novo* upon only those issues which were presented in the lower court. I.C. § 17–103; In re Chase's Estate, 82 Idaho 1, 348 P.2d 473 (1960); Davis v. Parkin, 75 Idaho 266, 270 P.2d 1007 (1954); Collins v. Lindsay, 33 Idaho 230, 191 P. 357 (1920); Albinola v. Horning, 39 Idaho 515, 227 P. 1054 (1924); Zimmerman v. Bradford-Kennedy Co., 14 Idaho 681, 95 P. 825 (1908). The jurisdiction of the district court on appeal from the probate or justice court is purely derivative. Additionally, as the court stated in *Zimmerman*, supra, "A trial *de novo* implies the trying *anew* an issue that has

been previously tried." (14 Idaho at p. 686, 95 P. at p. 827)

Since Mary Rotter and Edith Skiens were the only parties who petitioned for the guardianship of Shawna Rotter in the probate court, the issue of Alice Halse's appointment as the guardian was never presented in the probate court and should not have been considered in the district court. Not having been a party in the probate court, Alice Halse could not join as a party in the appellate proceedings in the district court. The appointment of Alice Halse, therefore, as testamentary guardian by the district court, constituted error and requires the reversal of the lower court's decision.

Since the lower court's ruling is being reversed thus probably necessitating another trial of this cause, the court is of the opinion that definite guidelines should be set forth for the use of the proper probate court. First, it is clear from the provisions of I.C. § 15-1812 that the appointment of a testamentary guardian for a legitimate child by a will of the father requires the written consent of the mother. Secondly, such consent can be waived by the mother expressly consenting to the appointment of another person as guardian of the child but such waiver extends only to the specific party in such consent to appointment. Thirdly, if the natural mother is unfit to have the personal custody of her child, or if she has abandoned the child, then such consent is unnecessary; however the unfitness which would constitute a waiver of the necessity of consent must exist and be determined at the time of the hearing of the petition for appointment and qualification of the testamentary guardian. Lord v. Hough, 37 Cal. 657 (1869); In re Snowball's Estate, 156 Cal. 235, 104 P. 444 (1909); Green v. Hight, 194 Okl. 214, 148 P.2d 475 (1944); In re Jones' Guardianship, 86 Cal.App.2d 35, 194 P.2d 141 (1948). See Nelson v. Standefer, 87 Idaho 83, 390 P.2d 838 (1964).

The judge trying this cause should bear in mind that in effect this is a child custody question and in determining the natural mother's fitness or unfitness as bearing upon the necessity of her consent to the appointment of the testamentary guardian, the question to be determined is whether the mother of the child is a proper person to have the custody at the time of the hearing *as it relates to the welfare of the child*. In custody as well as guardianship cases, the welfare and best interests of a minor child is the paramount consideration. The child's welfare as a human being and future citizen is the polar star by which the court must be guided in awarding its custody. Nelson v. Standefer, supra; Application of Altmiller, 76 Idaho 521, 285 P.2d 1064 (1955); Blankenship v. Brookshier, 91 Idaho 317, 420 P.2d 800 (1966).

We refrain from discussing the other assignments of error raised by the appellants.

The order of summary judgment is reversed and the cause remanded to the district court for further proceedings consonant herewith. Costs to appellants.

McFADDEN, C. J., and McQUADE, DONALDSON and SHEPARD, JJ., concur.