W. J. WARDER, Appellant, v. A. E. ELKINS, Probate Judge of Stanislaus County, Respondent.

Powers of a Probate Judge at Chambers. — By the statute concerning guardians (Statutes of 1850, p. 272), as amended by the 16th Section of the Act of 1861, the power to discharge a guardian at chambers is conferred upon the Probate Judge, and as the act of the Probate Court.

Idem. — This power includes and implies the power to perform at chambers, any act preliminary to this ultimate act, and the same becomes the act of the Probate Court.

APPEAL from a judgment of the District Judge of the Fifth District, County of Stanislaus, sitting at chambers, confirming the proceedings of the Court below, upon *certiorari*, to the Probate Judge of said County.

Upon the return of the writ, it appears that Warder, the

appellant, was appointed by the Probate Court of Stanislaus County, guardian of the estate of one Cooper, who had become insane. On restoration of soundness of mind, Cooper, by one Josiah Hall, his agent and attorney in fact, obtained from the Probate Judge a citation to the appellant requiring him to show cause, on the 2d of December, 1868, why he should not return the estate, and all the property thereof, to Cooper, or his agent, Hall, and make a full settlement of his accounts as guardian. This citation was made returnable at chambers, on the 3d day of December, and after hearing of the case, the Probate Judge ordered that the estate should be immediately delivered to Hall, as agent, upon his executing a certain specified bond to Warder, and that Warder should, within a specified time, prepare and file his accounts, as guardian, for final settlement with the Court.

Warder obtained from the District Judge for that County, a writ of *certiorari* to reverse these proceedings. Upon the return of the writ, the District Judge, at chambers, by his judgment, affirmed the proceedings of the Probate Judge.

*Hall & Montgomery*, for Appellant, cited *Larco* v. *Casaneuava* (30 Cal. 564); *Haynes* v. *Meek* (20 Cal. 308); *Fox* v. *Minor*, (32 Cal. 116); Story's Equity (Sec. 1362); *Meeks* v. *Hahn* (20 Cal. 623.)

*Caleb Dorsey*, for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

This is an appeal from the judgment of the Fifth Judicial District Court, upon review of proceedings at chambers of the Probate Judge of Stanislaus County, on return of *certiorari* issued by the said District Judge.

The special acts performed by the Probate Judge at chambers, which appellant claims were beyond, or in excess of his jurisdiction, are the order of November 25, 1868, requiring appellant, as the guardian of one William F. Cooper, to appear at the office of the Judge, at chambers, on the 2d day of December, 1868, and show cause, if any

he have, why he should not be ordered to immediately settle the accounts of said guardianship, and surrender and deliver up the possession of all the estate, both real and personal, of said William F. Cooper to W. J. Warder, the legally constituted agent and attorney in fact of said Cooper; and the further order of December 3, 1868, which was made on the return of the above citation order, after appellant's appearance and answer thereto at chambers, to the effect that, upon the filing of a bond on the part of the said agent and attorney in fact of W. F. Cooper, in the sum of $7,000, payable to appellant upon certain conditions, he should forthwith deliver to the said agent and attorney in fact, the entire estate of said William F. Cooper, both real and personal; and further, that appellant prepare and file in the Probate Court of Stanislaus County, his account for final settlement of all matters connected with said guardianship, and be ready for final settlement on the first day of the next regular term of said Probate Court.

It is now insisted by appellant that the above orders are without and in excess of the jurisdiction of the Probate Judge, at chambers; and the first order being in excess of jurisdiction, in so far as it directed the return of the citation to be made, and the appellant to appear in answer thereto, before the Judge at chambers; and the second being entirely beyond and without the jurisdiction of the Judge at chambers.

The sixteenth section of the Act of May 20, 1861, amendatory of the Guardian Act of 1850 (Stats. 1861, p. 607), provides that "all matters which, under the provisions of this Act, may be performed by the Probate Judge, may be performed by him at chambers, or as the act of the Probate Court, when holding such Court."

Section thirty-eight of the Act of 1850, " to provide for the appointment and prescribe the duties of guardians" (Stats. 1850, p. 272), provides that "the guardian of any insane person, or other person, may be discharged by the Probate Judge when it shall appear to him, on the application of the ward, or otherwise, that guardianship is no

longer necessary." This section, it will be observed, confers upon the *Probate Judge* the power to dismiss and finally discharge the guardian, when it shall appear to him that guardianship is no longer necessary ; and Section 16 of the Act of 1861, above quoted, confers authority upon the Probate Judge to transact all the business and perform any duty, authorized by the Act to be by him performed as *Probate Judge*, at chambers, and acts and duties thus performed at chambers become the acts of the Probate Court. The power conferred by the thirty-eighth section upon the Probate Judge to discharge a guardian, may, therefore, be exercised by him at chambers, and as the act of the Probate Court. And this power, to finally discharge a guardian at chambers, necessarily includes and implies the power to perform any act preliminary to this ultimate act, at chambers, and the same becomes, and is to be regarded, as the act of the Probate Court.

It follows, therefore, that the respondent in the present case did not exceed his jurisdiction as Probate Judge, in making the orders complained of at chambers.

Judgment affirmed.

RHODES, J., gave no opinion.