[Sac. No. 1708.    Department One.—August 30, 1909.]

## In the Matter of the Guardianship of the Persons and Estates of ALDANITA ANN SNOWBALL and CARMEN SNOWBALL, Minors.

GUARDIANSHIP OF MINORS—CONTEST BETWEEN MOTHER AND AUNT—FITNESS OF MOTHER—PRIOR JUDGMENT DETERMINING FITNESS—RES ADJUDICATA.—On an application by a mother to be appointed guardian of the persons and estates of her minor children, which is contested by their aunt on the ground that the mother is not a fit person to act as such guardian, a prior judgment denying an application of the aunt for the guardianship of their persons, rendered in a proceeding instituted by her which was contested by the mother, in which her fitness was put in issue and determined in her favor, is *res adjudicata* between the parties as to the mother's fitness to act as guardian of their persons, so far as her fitness might be affected by circumstances existing prior to the former hearing, but not by circumstances subsequently occurring.

ID.—ABANDONMENT BY MOTHER—ACTUAL DESERTION—INTENT TO SEVER PARENTAL RELATION.—In order to constitute abandonment of her minor children by a mother, so as to forfeit her right to guardianship under subdivision 4 of section 246 of the Civil Code, there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same. A mere temporary absence or neglect of parental duty is not sufficient.

ID.—CHILDREN LEFT IN CARE OF THIRD PERSON.—In the absence of proof of the circumstances under which minor children were placed in the care of a third person, the mere fact that their mother allowed them to remain with her is not enough to establish an intent to throw off the obligations of a mother.

ID.—TESTAMENTARY APPOINTMENT BY FATHER—CONSENT OF MOTHER.— On a contest between the aunt of minor children and their mother as to their guardianship, the will of the deceased father of the minors, in which he appointed the aunt as their guardian, cannot be considered when unaccompanied by the written consent of the mother to the appointment.

ID.—RIGHT OF MOTHER TO GUARDIANSHIP.—On such a contest, the mother has the primary right to be appointed, and should be appointed in the absence of proof compelling a finding that she is not fit to act as guardian.

APPEAL from an order of the Superior Court of Yolo County appointing a mother guardian of the estates of her minor children and denying a petition of their aunt to be

appointed guardian of their persons and estates. E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

R. H. Countryman, for Appellant.

Arthur C. Huston, and Harry L. Huston, for Respondent.

SLOSS, J.—Aldanita Ann Snowball and Carmen Snowball are minor children of Milton S. Snowball, now deceased, and of the respondent Winnette Squires, who, after having been divorced from Milton S. Snowball, was married to Lowell Squires. Each of the children is under fourteen years of age.

Milton S. Snowball died in January, 1908, leaving a will, under the terms of which his children were named as beneficiaries. On June 15, 1908, Leutie C. Snowball (sister of Milton S.) filed her petition praying that she be appointed guardian of the persons and estates of the said minors. Mrs. Squires, the mother of the children, filed a petition on her own behalf in which she asked that she be appointed as guardian of the estate of each of the minors. Both petitions were set for hearing at the same time and such hearing resulted in an order granting the petition of Winnette Squires and denying that of Leutie C. Snowball. From this order Leutie C. Snowball appeals.

In her pleading the appellant alleged that Winnette Squires was not a fit or proper or competent person to have the care or custody of either of said minor children. The court found this allegation to be untrue. It appeared that on the seventeenth day of February, 1908, some four months prior to the commencement of the present proceeding, Leutie C. Snowball, the petitioner herein, had filed in the superior court a petition asking that she be appointed guardian of the persons of the said minors. Opposition to this application was filed by Winnette Squires. The matter came on for hearing on the twenty-fourth day of February, 1908, at which time the petitioner amended her petition by inserting an allegation that "Winnette Squires, the mother of the said minors, is incompetent and not a fit and proper person to act as their

CLvi Cal.—16

guardian." This allegation was denied by Mrs. Squires, and thereupon, evidence having been introduced, the court made findings to the effect, among other things, that the mother was competent and a fit and proper person to act as guardian of the children and entered a judgment that the amended petition of Leutie C. Snowball be denied. The proceedings upon this former application having been offered in evidence and shown to the court upon the hearing of the petitions in this proceeding, the court, upon the objection of the respondent, excluded certain testimony offered by the petitioner for the purpose of showing unfitness on the part of the mother. If this ruling had gone so far as to preclude the petitioner from showing, by any character of testimony, the alleged unfitness of Mrs. Squires, it would undoubtedly have been erroneous. The doctrine of *res adjudicata* cannot apply to successive applications for guardianship of minors to the extent of precluding the court, upon the later application, from a consideration of such circumstances as may have occurred since the rendition of the prior order. If the person appointed guardian should, after appointment, develop or exhibit traits of character indicating an inability to properly perform the functions of guardianship, the changed conditions may, of course, be shown to the court with a view to invoking its power to make new provision for the custody or care of children. (See *Beyerle* v. *Beyerle,* 155 Cal. 266, [100 Pac. 702].) Here, however, the objection of respondent and the rulings of the court were carefully limited so as to preserve the right of appellant to prove Mrs. Squires's unfitness by any fact or circumstance which had not occurred or existed prior to the hearing of February, 1908. Her fitness to act as guardian at the time of that hearing had there been made an issue. That issue had been found in her favor, and the court had, upon such finding, denied the application of Miss Snowball for letters of guardianship. This was an adjudication of the rights of the parties (*Ex parte Miller,* 109 Cal. 643, [42 Pac. 428]) at the time of the proceeding. That the order took the form of a denial of relief to petitioner made it none the less a determination, upon the merits, of her claim, and an adjudication, binding in every subsequent litigation between the same parties, as to every fact necessarily found as the basis of the order. (*Estate of Harrington,* 147

Cal. 124, [109 Am. St. Rep. 118, 81 Pac. 546].) The order of February, 1908, denying appellant's petition, conclusively determined, therefore, as between the parties, the fitness and competency of the mother at that time. To hold otherwise would mean that a party, defeated in an effort to establish a superior right to be appointed guardian of minors, could, notwithstanding the adverse finding of the court on material issues, present the same issues and retry them in any number of subsequent proceedings. It may be that, where it is claimed that the circumstances have changed since the making of the first order, evidence of facts antedating that order may be admissible, in connection with later occurrences, as a basis for the contention that all of the facts, taken together, show unfitness. But no such question was presented here. The appellant offered to show, on the issue of unfitness, only matters which had taken place before the earlier hearing, and, in effect, to relitigate in this proceeding, the very issue which had already been decided against her.

The first application was for guardianship of the persons only, the second for guardianship of persons and estates. The court permitted the appellant to offer any testimony she had on the new issue presented, i. e., the fitness of respondent to act as guardian of the *estates* of the minors.

The appellant made an offer to prove certain facts which, as she claimed, tended to show that the respondent had abandoned the children, and had thereby forfeited her right to guardianship (Civ. Code, sec. 246, subd. 4.) All of said facts occurred prior to the guardianship proceedings of February, 1908. An objection to the offer was sustained. Regardless of whether the appellant was precluded by the judgment in the earlier proceeding from showing matters which might have been there litigated, (*Rucker* v. *Langford*, 138 Cal. 611, [71 Pac. 1123],) we are satisfied that the appellant was not injured by the ruling, for the reason that the facts alleged were not sufficient to show an abandonment. In order to constitute abandonment "there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same." ( *Gay* v. *State*, 105 Ga. 599, [70 Am. St. Rep. 68, 31 S. E. 569]; *Shannon* v. *People*, 5 Mich. 71.) There must be more than a mere tem-

porary absence or neglect of parental duty. (*State* v. *Davis*, 70 Mo. 467.) There was nothing in the offer here made which would justify the inference that the respondent ever intended to bring about a final separation from her children. At most there was an offer to prove temporary absences, accompanied by statements which do not in any way evidence an intent to surrender parental rights. While respondent was away from her children, they were in the care of a Mrs. Chambers. In the absence of proof of the circumstances under which the children were placed with Mrs. Chambers, the fact that the respondent allowed them to remain with her is not enough to establish an intent to throw off the obligations of a mother.

The court properly declined to consider the will of Milton S. Snowball, whereby he undertook to appoint the appellant as guardian of his children. Unsupported, as it was, by the written consent of the mother of the children, the attempted appointment was void. (Civ. Code, sec. 241; *In the Matter of Baker*, 153 Cal. 537, [96 Pac. 12].) In view of what we have said regarding the offer to prove abandonment we need not discuss the appellant's position regarding the effect of abandonment by the mother on her right to control a testamentary appointment by the father.

The point that the evidence is insufficient to sustain the finding of fitness on the part of the respondent is without merit. There was testimony which fully authorized the conclusion reached. The mother had the primary right to be appointed (Code Civ. Proc., sec. 1751) and, in the absence of proof compelling a finding that she was not fit to act as guardian, this right was properly recognized. (*In re Campbell*, 130 Cal. 381, [62 Pac. 613]; *Guardianship of Salter*, 142 Cal. 412, [76 Pac. 51].)

There was no substantial error in admitting or rejecting evidence.

The order appealed from is affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.