[S. F. No. 14753. In Bank.—July 31, 1933.]

In the Matter of the Guardianship of the Person and Estate of ROBERT STEWART HOWARD, a Minor. FANNIE MAY HERRSCHER, Appellant, v. CHARLES S. HOWARD et al., Respondents.

608

Louis Oneal, Maurice J. Rankin and William F. James for Appellant.

McCutchen, Olney, Mannon & Greene and Ross & Ross for Respondents.

WASTE, C. J.—Appellant, mother of the above-named minor, appeals from an order removing her as guardian of the person of said minor and an order appointing the respondent, father of the minor, in her place and stead.

After hearing, upon the petition for removal, the court below found that the minor was of the age of sixteen years; that appellant was appointed guardian of his person on November 24, 1930; that on October 7, 1931, the appellant removed from this state and went to Europe, where she remained until on or about May 10, 1932, a period of approximately seven months; that it was not necessary for appellant to go to Europe for her health; that from the date of her departure until January 25, 1932, when her powers as guardian were suspended by the court and temporarily vested in the father of the minor, there was no person in the state legally authorized to supervise the minor; that since her departure for Europe the appellant has "continuously failed to perform her duties as guardian of the person of said minor and at all of said times continuously neglected and violated her duties and obligations as such guardian, to the detriment of said minor"; that appellant "is incapable to perform her duties as guardian of said minor suitably under the present conditions"; that in May, 1932, the appellant remarried; that such marriage was and is disapproved by the minor, who objects and refuses to live with the appellant and her present husband; that it is necessary for the best interests of the minor that appellant

be removed as guardian; that the respondent, father of the minor, is a fit and proper person to be appointed guardian of the person of the minor; that the minor has in writing nominated his father to be his guardian; and that the minor is to be permitted to visit his mother at any and all times agreeable to them.

■ Appellant's principal contention is that a guardian may not be removed except on proof of one or more of the causes specified in section 1580 of the Probate Code. We find it unnecessary to here determine whether, as urged by appellant, the cited code section furnishes the exclusive grounds for removal of a guardian. Even if this were so, a point we do not decide, the order in the present proceeding, under the evidence and findings in the record before us, would find ample support in that section. Under subdivisions 2 and 6 of section 1580, *supra*, a guardian may be removed for continued failure to perform his duties and for removal from the state. The evidence indicates, and the court found, that shortly after her appointment the appellant left the state for Europe, where she remained seven months, leaving her ward without the care and attention of anyone legally authorized to supervise him. ■ Appellant introduced evidence tending to show that during her sojourn abroad the minor was in attendance at a private school, where he was continually supervised and required to remain except on week-ends; that her home was left open with instructions to the housekeeper to look after the minor's wants on week-ends; and that steps had been taken to insure medical and dental aid should the minor require them during her absence.

We are satisfied that the appellant made all arrangements which, in her opinion, were essential to the minor's welfare during her stay in Europe. However, this did not constitute a proper discharge of her duties as guardian. ■ A guardian of the person of a minor stands in the place of a parent, whose duty it is to supply that watchfulness, care and discipline which are essential to the young. (*Guardianship of Taylor*, 3 Cof. Prob. Dec. 105; 13 Cal. Jur. 140, sec. 3.) These are duties calling for the personal attention of the guardian. They cannot be indirectly discharged through the agency of others. During her stay in Europe there was, within the meaning of subdivision 2 of section

1580, *supra,* a "continued failure" on appellant's part to perform her duties as guardian.

■ Appellant attempts to justify her absence in Europe on the ground that it was indispensable to her health. The evidence on the point is incomplete and unsatisfactory. It consists solely of appellant's testimony to the effect that "Dr. Warren advised me to go away for my health, he said to get away from all the dirt and scandal, and my health would never be better until I did go away." In the face of this meager evidence on the subject we cannot say that the court below erred when it found that appellant's absence from the state was not *"necessary* for her health". The court may well have concluded that her absence was induced by a desire to avoid all the "scandal"."

■ There is an abundance of evidence in the record tending to indicate that the minor desires to be with his adult brothers and father, all of whom are associated in business and whose interests are more or less identical with those of the minor. Section 1408 of the Probate Code declares that, other things being equal, the father is to be preferred as guardian if the minor "is of an age to require education and preparation for labor and business". The order of removal and appointment of a new guardian appear to find support in sections 1580 and 1408, *supra.*

It should be added that the minor has expressed a dislike for the appellant's present husband and an unwillingness to live with him. While, as contended by the appellant, a minor having nominated a guardian of his person is not free, at his whim and caprice, to nominate another, the court is not foreclosed from considering his desires. At all times the court is to be guided "by what appears to be for the best interest of the child". (Sec. 1406, Prob. Code; *In re Hawkins,* 183 Cal. 568, 573 [192 Pac. 30].)

■ The power of the appointing court to direct, restrain and control a guardian in the performance of his duties, and even to remove him and put another in his place, is settled beyond controversy. However, the removal of guardians is not an arbitrary or capricious, but a judicial discretion, to be exercised with due regard to the legal rights of all concerned. (*Lord* v. *Hough,* 37 Cal. 657, 664; *De Greayer* v. *Superior Court,* 117 Cal. 640, 645 [49 Pac. 983,

59 Am. St. Rep. 220].) We cannot say that the record here discloses an abuse of that discretion.

The orders appealed from are, and each is, affirmed.

Curtis, J., Thompson, J., Seawell, J., Spence, J., *pro tem.,* and Shenk, J., concurred.