[Civ. No. 13128.   Second Dist., Div. One.   Aug. 13, 1941.]

Guardianship of the Person and Estate of EDWARD GERALD McCOY, a Minor.   EVIE T. McCOY, Respondent, v. HENRY TAYLOR, Appellant.

Thomas L. Griffith, Jr., for Appellant.

Willedd Andrews for Respondent.

DORAN, J.—This is an appeal from a judgment and order appointing the father of the minor in question the guardian of the minor's person and estate. Appellant is the second husband of the minor's mother and the stepfather of the minor. The question here involves the right, as between the natural father and the stepfather of the child, to appointment as the child's guardian, under the circumstances presented.

At the time of the father's, respondent's, petition for custody herein the minor, a boy, was seven years of age and his mother was dead. About the time the boy was two years old his mother obtained a decree of divorce from respondent and was awarded custody of the child. The boy's mother subsequently married appellant, and it appears that respondent also subsequently married and at the time of his petition herein was living with his second wife and a child of the second marriage, a six year old boy. It appears that ever since his mother's marriage to appellant the minor here in question has lived with appellant.

The court found appellant to be a fit and proper person to have the care and custody of the minor but concluded that

respondent, the father, was entitled to be appointed guardian as a person preferred under section 1407 of the Probate Code unless otherwise found to be incompetent and unfit. The court did not find respondent to be incompetent and unfit; and found that respondent had not deserted or abandoned or failed to support the said minor child and that respondent was a competent, fit and proper person to have the care and custody of the said minor.

Appellant contends that the findings that respondent had not deserted or abandoned or failed to support the minor child, and that respondent was a fit and proper person to have custody of the said child, are not supported by the evidence; and that there is no evidence that the special interest of the child will be best served in respect to his temporal and mental and moral welfare in the appointment of respondent as his guardian; and that the uncontradicted evidence conclusively shows that respondent forfeited his right to be appointed guardian in the matter. These contentions are based upon the ground that the minor's mother obtained her divorce from respondent for desertion and that thereafter respondent was convicted of failure to provide for the minor and his mother, and that the evidence presented to the court below revealed these facts. Appellant also argues that where the issue of the best interest of the child is raised by the pleadings, an order appointing a guardian must be based upon findings of facts specifically regarding that interest.

The appointment of a guardian for a minor is a matter lying within the sound discretion of the court and the conclusion reached will not be set aside on appeal unless it is shown to have been reached as a result of an abuse of discretion. (*Matter of Allen*, 162 Cal. 625, 629 [124 Pac. 237].)

In the instant case, after a hearing, the trial court found the minor's father a fit and proper person and entitled to the custody and guardianship of his child. Aside from any evidence as to the grounds on which the child's mother divorced respondent and as to respondent's previous failure to provide for his child, the evidence as to respondent's fitness is shown to be conflicting, and it cannot be said that there is no evidence to support a finding that respondent was a fit person for a guardian of the child. A judgment following a hearing at which all the parties were personally before the court and the court was afforded an opportunity to observe

the parties at first hand, and determine their respective fitness accordingly, indicates no such abuse of discretion in the circumstances here presented. Under the circumstances, such a finding cannot be set aside on appeal, unless the grounds of the divorce in question and the subsequent failure of respondent to provide for the minor can alone be held to have disqualified him for guardianship at the time of his petition herein.

As already noted, the court found that respondent had not deserted, abandoned or failed to support his child. Such a finding must be considered as reflecting the conditions and circumstances existing at the time of the hearing on respondent's petition. "The failure to provide may, no doubt, be shown as one of the items of evidence bearing upon the question of competency. But it is not the same thing as incompetency, nor does it, in and of itself, require a conclusion that the parent is incompetent. The past failure of a parent to provide for his child may well co-exist with a present ability to fully discharge all the duties of guardianship." (*Matter of Forrester,* 162 Cal. 493, 495 [123 Pac. 283].) It has also been held that in the light of a finding of present fitness for guardianship, any findings concerning fitness or unfitness in the past are mere surplusage, for the determining factor in cases of this character is the parent's fitness for guardianship at the time of the hearing of the petition. (See *In re Green,* 192 Cal. 714, 719 [221 Pac. 903], citing *Guardianship of Snowball,* 156 Cal. 240 [104 Pac. 444].) ▮ A finding of present fitness, therefore, cannot be said to lack support merely because there may be evidence of a previous desertion or failure to provide. Moreover, it would appear from the language employed in section 1409 of the Probate Code that the legislature did not intend abandonment or failure to provide to create a forfeiture forever of the right of a parent to guardianship of his child. It is there provided that a parent guilty of such abandonment or failure "forfeits all right to the guardianship"; but the same section further provides that a parent who, under certain conditions, knowingly permits his child to remain for one year in an orphan asylum "*abandons* and *forever forfeits* all right to the guardianship of the child". The apparent distinction thus drawn between mere "forfeiture" and "abandonment and forfeiture forever" would indicate that in the former case the forfeiture

is not to be permanent, while in the latter the penalty imposed is a permanent bar to all future custody. Were the penalty intended to be the same in each case the same language would undoubtedly have been applied to both situations.

As to a failure to make a specific finding on the issue of the child's best interest, it is settled that the law presumes that the interest of a child will be best subserved by awarding its care to a parent, unless he or she is unfit to have its care; and unless the parent is found to be unfit he is entitled to the care and custody of his minor child. (*Stever* v. *Stever*, 6 Cal. (2d) 166 [56 Pac. (2d) 1229], approving *Newby* v. *Newby*, 55 Cal. App. 114 [202 Pac. 891].)

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.