[Civ. No. 13955.  Second Dist., Div. Two.  Mar. 29, 1943.]

Guardianship of the Person and Estate of LOUIS H. J. CASE, a Minor. CLARA H. RUNGIE, Appellant, v. HOWARD L. CASE, Respondent.

William Bronsten for Appellant.

C. E. Christopher for Respondent.

MOORE, P. J.—This is an appeal from an order removing a guardian and directing that the custody of the minor be restored to its father, and from an order denying a motion for a new trial in the matter.

The minor herein Louis Case was born in 1935. His mother died soon after his birth. Thereupon his maternal grandmother took the orphan into her custody and later on October 1, 1937, qualified as his guardian. She held that office until her removal by the judgment now before us. At the time of such appointment petitioner, the father of Louis, was serving the colors in the Navy from which he later retired. On January 2, 1940, he caused a citation to be issued to the guardian to show cause why she should not be removed. The matter finally came on for hearing on February 27, 1941. On June 3, 1941, an order was made denying the contestant's petition for the removal of the guardian. On the 25th day of June, 1942, the father filed a second petition for the removal of the guardian upon which citation was issued to the guardian to show cause on the 17th day of July, 1942.

After a hearing on such petition the court made findings which have established facts pertinent to the issues raised by the contest: Petitioner resides in Los Angeles County; in all respects he is able to care and provide for the minor and to give him the sustenance and care due an infant from a parent; the child has no estate; the father desires to have the boy with him and to bestow upon him his support and parental affection. Petitioner is a fit and proper person to have the care, custody and control of his son, and is qualified to direct the moral and spiritual training of the child. It is no longer necessary to have a guardian. Although the grandmother has had the custody of the minor since his birth she is not financially able to provide for the child. While she has sought charity from the Masonic Order within the past two years, she has refused offers of money from petitioner. Moreover, the husband of the guardian is not related to the child and there is substantial evidence that his conduct as to the use of profanity and alcohol in the presence of Louis

does not indicate a wholesome environment for the development of a boy of seven. For good reasons, therefore, the court concluded that the welfare of the minor will best be served by terminating the guardianship and restoring the child to his father.

The first point raised by appellant is that the order of the court of June 3, 1941, denying the petition for the removal of the guardian is res judicata as to the petition upon which the present order was based. This cannot be so for the reason that 17 months elapsed between the hearings on the first and second citations. To apply the doctrine of res judicata, as contended by appellant, would be a defeat of the court's duty to consider such circumstances as may have occurred after the first order. In the conduct of guardianship proceedings it is proper for the court always to consider changed conditions to the end that it may make such orders with respect to a guardianship as will prove to be for the welfare of the minor. A material change in the mode of life, habits or behavior of petitioner in the period elapsing between the hearings of two successive petitions may justify the court in making new and different orders with reference to the guardianship. (*Guardianship of Snowball,* 156 Cal. 240, 242 [104 P. 444].) Upon a petition for the removal of a guardian the court is not bound by any judgment rendered at a previous hearing except as to the facts which have remained unchanged since the former hearing.

In a guardianship proceeding one who seeks to establish his defense of res judicata has the burden of showing that no substantial change in conditions has occurred since the entry of the former judgment. Such proof might have been made by exhibiting the evidence taken at the trial in June, 1941. (*Walsh* v. *Harris,* 10 Cal. 391.) Such attempt by appellant would have been in vain for the reason that the court found, and the evidence proved, a change in the status and capabilities of respondent.

The determining factor in such a hearing is the present fitness of the parent for the custody of his own child (*In re Green,* 192 Cal. 714, 719 [221 P. 903]). In a contest between a parent and another for the guardianship of a child of the former, if the parent is competent to discharge the duties of guardianship he is entitled to be appointed in preference to any other person (Sec. 1407 of Prob. Code). The findings that a maternal grandmother as the guardian

was unable financially to care for the minor, that the father is a fit and proper person to have the custody, and that it is for the best interest of the minor to be with his father are conclusive for the termination of the guardianship in the absence of a showing that the evidence does not support such findings.

■ When the appointment of a guardian for a minor of tender years is found to be necessary, such appointment is a duty of the superior court. ■ When it appears to the court that a guardianship is no longer necessary for such ward the court must thereupon remove the guardian. (Sec. 1580, subd. 8, Prob. Code.) Inasmuch as a natural parent has a superior right to the custody of his child when possessed of such character as to make him a fit custodian thereof, the reason for the guardianship of the minor ceases and its continuance is improper. (*In re Santos,* 185 Cal. 127, 132 [195 P. 1055].)

■ Since the father is competent and has therefore the preferential right to have the custody of his child, even though he were impecunious, the court is powerless to maintain the grandmother as guardian of his person. (*In re Mathews,* 174 Cal. 679, 683 [164 P. 8]; *In re Matter of Schwartz,* 171 Cal. 633, 634 [154 P. 304].) The minor has no property. His grandmother qualified as guardian while his father was in the Navy. The father's failure to visit Louis immediately following the decease of the boy's mother does not necessarily evince an abandonment. ■ A parent does not forfeit the right of custody of his child merely because of his failure to contribute to its support at a time when he was unable to do so. (*In re Green, supra.*) Since his return to civil life petitioner has engaged in useful toil, has gained the respect of his neighbors and earns sufficient to maintain a comfortable home. He has remarried and the wife gladly welcomes the child to her heart. Not only does the judgment determine petitioner's rights but both the natural and civil law fixes his responsibility. While he may enjoy the filial affection, society and services of his son (Sec. 197 Civ. Code), he owes the continuous duty of furnishing him support, and directing his education. These are privileges of which no parent should be deprived in the absence of proof of a crass abandonment. (*In re Matter of Schwartz, supra.*)

■ Appellant contends that she was denied the privilege of cross-examining petitioner for the purpose of showing that petitioner was in a naval prison at the time that the maternal

grandmother was appointed guardian of the minor. Upon a trial of the character and fitness of the father to have the custody of his child, a misdeed which may have occurred many years prior to the hearing is too remote to prove present unworthiness. Serving a term in prison is not *per se* cause for depriving a parent of the custody of his child. The commission of *mala prohibita* which may result in penal servitude is not conclusive proof of vicious character. But even though petitioner had in 1935 served a prison term for an act involving moral turpitude, the court's determination on a subsequent hearing in 1942 that the father is now a fit and proper person to have custody of his child supplants the earlier finding of his unfitness for such responsibility. (*Guardianship of McCoy*, 46 Cal.App.2d 494 [116 P.2d 103].)

The judgment is affirmed. The appeal from the order denying a new trial is dismissed.

Wood (W. J.), J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 27, 1943.