[Sac. No. 7426. Third Dist. Mar. 29, 1948.]

Guardianship of the Person and Estate of DAVID THEODORE WHITE, JR., a Minor. THELMA V. WHITE, as Guardian, etc., et al., Appellants, v. ZELMA MAXINE MITCHAM, Respondent.

Frank L. Murphy for Appellants.

Van Dyke & Harris, J. A. Montgomery, Russell A. Harris and Leo M. Fitzwilliam for Respondent.

THOMPSON, J.—The paternal grandmother of David Theodore White, Jr., was appointed guardian of the person and estate of said minor child, who was 2½ years of age. Upon subsequent petition of the mother of the child, which was served on both the guardian and the father of the child, the probate court terminated the guardianship, under section

1580, subdivision 8, of the Probate Code, and awarded his custody to his mother. From that order both the guardian and the father have appealed.

The appellants contend that the order is not supported by the evidence, that the court was without jurisdiction to terminate the guardianship, or to award the custody of the child to the mother without specifically finding that the father was not a fit or proper person to assume his custody.

February 1, 1942, David Theodore White and Zelma Maxine Kauffman were married. Soon thereafter he entered the United States miltary service and was first stationed at Florence, South Carolina. His wife accompanied him to that place. The child in question was born as issue of the marriage in 1942. The military service required Mr. White to go overseas. The mother then returned to Sacramento, which was their former home. She received $100 per month, and sometimes more, from his compensation and the government allotment, as maintenance for herself and their child. The child had no estate. The allowance was insufficient for their maintenance, and the mother was therefore required to accept employment. She was then living in Sacramento. To provide for care of the child while the mother was working she consented to the appointment of the petitioner, Thelma V. White, the paternal grandmother, as guardian of the person and estate of the minor child. The letters of guardianship were issued January 3, 1945. Mr. White returned to the United States on January 22, 1945, and was discharged from military service in July, 1945. His wife had been keeping company with William S. Mitcham. He was the father of a girl born to Zelma White April 3, 1944. Mr. White, upon his return, procured a divorce from Zelma in the State of Nevada in June, 1945. The decree of divorce made no provision for the custody of the child, David Theodore White, Jr. Mr. White married another woman February 2, 1946. Zelma White married Mr. Mitcham July 3, 1945. That marriage had the effect of legitimating their child. (Civ. Code, § 215.) Mr. Mitcham and his wife Zelma immediately established a home at Rio Linda, near Sacramento, where they now reside. They are desirous of obtaining possession and custody of her son, David.

The petition to terminate the guardianship of David and to recover his custody was filed by his mother, Zelma, in Sacramento, July 11, 1946. Process was served on both the

guardian and Mr. White, who appeared, answered the petition and participated in the hearing which occurred October 30, 1946. Both opposed the petition and testified as witnesses at the hearing. Mr. White did not ask for the personal custody of the child.

The court adopted findings favorable to the petitioner in accordance with the foregoing statement of facts, determining: That Zelma, the mother of the child David, consented to the granting of letters of guardianship of the child on account of the necessity then existing that she was obliged to accept employment to aid in the maintenance of herself and said minor; that said necessity for a guardian no longer exists; that Zelma and her present husband, Mr. Mitcham, are now living together in their home and are desirous of having the custody and control of the child; that, despite her previous conduct, the mother, Zelma, is a fit and proper person to have the custody, care and control of the minor child; and that it is for the best interest of the child that his mother, Zelma, should assume his custody and control.

The court thereupon ordered that the letters of guardianship of the person and estate of the minor child, David, be revoked and terminated, and that he be awarded to the custody and control of his mother, Zelma Maxine Mitcham, with the privilege granted to his father to visit him at all reasonable times and places. A motion for new trial was denied. From the order terminating the guardianship and awarding the child to the mother, both the guardian and Mr. White, the father of the child, have appealed.

We are of the opinion the findings and order terminating the guardianship and awarding the custody of the child to his mother are adequately supported by the evidence. The probate court determined that guardianship of the child was no longer necessary, that the mother was a fit and proper person to assume his custody, and that it was for the best interest of the child to award him to her custody. The fitness of the mother and the welfare of the child were direct issues in this proceeding. The father opposed the awarding of custody to Zelma, but made no application for the child's custody in his own behalf. We assume that the father was entirely fit and proper. While the evidence is conflicting regarding the fitness of the mother, we are bound by the findings of the court in that respect. We are satisfied the court did not abuse its discretion in determining that it is for the

best interest of the child in awarding him to the custody of the mother.

When it appears that the guardianship of a minor child is no longer necessary, the Probate Code authorizes the termination of his guardianship (Prob. Code, § 1580, subd. 8), and upon petition therefor, with adequate proof of the fitness of the parent and the best interest of the child, in the exercise of its sound discretion the court may award the custody of the child to such parent. In the absence of an abuse of discretion, we may not interfere with that determination. (*Guardianship of Case*, 57 Cal.App.2d 844 [135 P.2d 681]; *Guardianship of Riley*, 72 Cal.App.2d 742 [165 P.2d 555]; *Guardianship of Russell*, 21 Cal.2d 767, 772 [135 P.2d 369]; *Warder* v. *Elkins*, 38 Cal. 439, 441; *Guardianship of McCoy*, 46 Cal.App.2d 494 [116 P.2d 103]; *Stever* v. *Stever*, 6 Cal.2d 166 [56 P.2d 1229].)

In the Riley case, *supra*, under circumstances similar to those of the present proceeding, an order terminating the guardianship on the ground that ''it is no longer necessary'' and awarding the custody of the minor to her mother, who had previously consented to the guardianship, was affirmed on appeal. Regarding the discretion of the probate court to make that order, it is said at page 747 :

''Since the probate court retains continuing supervisory jurisdiction over guardianship matters, the removal of a guardian for any of the reasons specified in the code (Prob. Code, sec. 1580) rests within the broad discretion of the court, and where, as in the instant case, the court found that the mother was a fit and proper person and concluded that the guardianship was no longer necessary, the court properly removed the guardian and restored the custody of the child to her mother.''

When the application for custody of a minor child is awarded to one of the parents, it is not necessary to find that the other parent is unfit for its custody. The unfitness of a parent of a minor child is required to be determined only when its custody is awarded to one other than its parents. (*Stever* v. *Stever*, *supra*.)

The probate court which originally grants letters of guardianship is authorized under section 1580 of the Probate Code to remove the guardian of the person and estate of a minor child and to appoint another person in his place, for any of the causes mentioned in that section. (*Guardianship of Howard*, 218 Cal. 607 [24 P.2d 486].) In the case last cited,

in which the father of the child petitioned for the discharge of the mother as guardian, on the ground that she ''removed from this state,'' and to appoint him in the wife's place, the court said at page 611:

''The power of the appointing court to direct, restrain and control a guardian in the performance of his duties, *and even to remove him and put another in his place,* is settled beyond controversy. However, the removal of guardians is not an arbitrary or capricious, but a judicial discretion, to be exercised with due regard to the legal rights of all concerned. [Citing authorities.]''

In the present case the mother's petition was not only based on the ground that the guardianship ''is no longer necessary,'' but it also asked for the custody of the minor child on the ground of its welfare. The fitness of the mother and the welfare of the infant child were the chief issues in this case. The probate court retained authority, upon that petition, to determine what was for the best interest of the child, and to award its custody accordingly.

In 39 Corpus Juris Secundum, at page 81, section 50d, it is said:

''The court having jurisdiction to grant letters of guardianship has jurisdiction to revoke them.''

In the matter of the *Guardianship of Russell, supra,* at page 772, the Supreme Court said:

''The Probate Court retains a continuing, supervisory jurisdiction over the affairs of the estate and the guardian's handling thereof, and the removal of a guardian for the reasons specified in the code rests within the broad discretion of that court.''

And in 39 Corpus Juris Secundum, section 57, page 90, it is said:

''The parent or other relative may by petition seek the custody of the ward, where the guardian has control.''

In the matter of the *Guardianship of Case, supra,* the essential facts are similar to those of the present case. In that proceeding, as the issue of the marriage of Mr. and Mrs. Case, a child named Louis was born in 1935. The mother died. The maternal grandmother took possession of the child and was appointed guardian of the person and estate in 1937. The father was then serving in the United States Navy. He returned to his home in 1940, and later filed a petition in the guardianship matter, asking the probate court to discharge

the guardian, under section 1580 of the Probate Code, on the ground that ''It is no longer necessary to have a guardian,'' and also asked the court to award to him the custody of the minor child. The application was contested by the grandmother. The court found that ''the welfare of the minor will best be served by terminating the guardianship and restoring the child to his father.'' The father was found to be a fit and proper person. That order was made. The guardian appealed. On appeal the court said:

''When the appointment of a guardian for a minor of tender years is found to be necessary, such appointment is a duty of the superior court. When it appears to the court that a guardianship is no longer necessary for such ward the court must thereupon remove the guardian. (Sec. 1580, subd. 8, Prob. Code.) Inasmuch as a natural parent has superior right to the custody of his child, when possessed of such character as to make him a fit custodian thereof, the reason for the guardianship of the minor ceases and its continuance is improper. (*In re Santos,* 185 Cal. 127, 132 [195 P. 1055].) Since the father is competent and has therefore the preferential right to have the custody of his child, even though he were impecunious, the court is powerless to maintain the grandmother as guardian of his person. [Citing authorities.]''

We conclude that the probate court, which originally granted the letters of guardianship of the person and estate of the minor child, retained jurisdiction upon this petition to terminate the guardianship on the ground that it was no longer necessary, and to award the custody of the child to his mother.

The appellants contend that the court was without jurisdiction to terminate the guardianship except upon ''application of the guardian or the ward.'' (Prob. Code, § 1590.) That section provides:

''(1) Where the appointment of a guardian was made solely  because of the ward's minority, the marriage of a minor ward terminates the guardianship of the person; and the guardianship of the estate of a minor female ward is terminated upon her attaining majority as provided in Section 25 of the Civil Code.

''(2) If the appointment of a guardian is made solely because of the ward's minority, the guardianship is terminated by his attaining majority.

''(3) In all other cases the guardianship is terminated only by order of the court *upon application of the guardian*

*or the ward,* after such notice *to the other* as the court or judge may require.'' (Italics added.)

We think the foregoing section has no application to the removal of a guardian, upon petition of a parent of a minor child on the grounds specified in section 1580 of the Probate Code, or for the custody of the child by said parent. Section 1590 apparently contemplates only the termination of a guardianship of a minor when the ward attains the age of majority or has married, in either of which events, the application for termination would naturally be made by the guardian or the ward. That construction is apparent, for the last subdivision of that section provides that, under such circumstances, the order may be made only ''after such notice *to the other.''* The section makes no reference to the awarding of the custody of a minor to his parents on the ground that it is for its best interest, or otherwise. Naturally, the parties most interested in the welfare of a minor, who is to be relieved of its guardianship, are the parents. The termination of guardianship on the ground that the ward has attained majority or has married is not included in section 1580. Section 1590 is confined to the termination of guardianships on the grounds mentioned therein. In the event of the subsequent marriage of a ward, or the attaining of majority, whether he be a male or a female, it is apparent that both the guardian and the ward would then be qualified to apply for a termination of the guardianship upon giving ''notice to the other.'' But when the gist of the application is for custody of an infant by a parent, for the best interest and welfare of the child, under such circumstances as exist in this case, the limited notice specified by section 1590, to the guardian or ward only, would be utterly inadequate since the other parent, if living, would be entitled to notice of that proceeding. We conclude that the provisions of section 1590, with respect to the parties who may petition for termination of a guardianship, and the notice there required, has no application to section 1580, or to a petition for custody of an infant minor.

The order terminating the guardianship and awarding the custody of the minor child, David Theodore White, Jr., to his mother, Zelma Maxine Mitcham, is affirmed.

Adams, P. J., and Schottky, J. pro tem., concurred.