[Civ. No. 17943. First Dist., Div. Two. Aug. 8, 1958.]

Guardianship of JOYCE ELAINE DAVIS, a Minor. SHIRLEY BRICK, Appellant, v. IRENE ZISSLER et al., Respondents.

James Martin MacInnis and Harry P. Glassman for Appellant.

H. A. Dannenbrink for Respondents.

DRAPER, J.—This is a petition to terminate guardianship of the person of a minor. Joyce was born in 1946. Her parents were divorced in 1949, and custody of Joyce was awarded to her mother. In 1955 Mr. and Mrs. Zissler were appointed guardians, the mother consenting. Thirteen months later the mother filed this petition to terminate guardianship. (Prob. Code, § 1580, subd. (8).) The guardians opposed the petition and after hearing it was denied. Petitioner appeals.

■ Before trial, the probation officer had, pursuant to order, investigated and prepared a report. (Welf. & Inst. Code, § 638.1.) At opening of the trial, both parties announced that they were offering that report in evidence. The court then said:

"I am inclined, after reading that,—so you may know where the guardianship stands—to permit the child to remain with the present guardian for the time being. Now, with that in mind, you can go into the case as far as you want."

Appellant contends that this statement shows that the trial court had prejudged the case, thus depriving her of a fair trial. Neither the statement nor the conduct of the remainder of the hearing support this claim. The court, having read a report covering the claims and many of the facts on both sides of the controversy, quite properly stated its evaluation of the report for the benefit of counsel. This evaluation was tentative only. The court expressly called for further evidence, and thereafter in no way limited the introduction of evidence. On the contrary, the court's conduct throughout indicated its desire to hear all the facts and to determine the issue only upon all the evidence which could be produced. These circumstances distinguish the cases relied upon by appellant. (*Webber* v. *Webber*, 33 Cal.2d 153 [199 P.2d 934]; *McVey* v. *McVey*, 132 Cal.App.2d 120 [281 P.2d 898]; *Rosenfield* v. *Vosper*, 45 Cal.App.2d 365 [114 P.2d 29]; *Shippey* v. *Shippey*, 58 Cal.App.2d 174 [136 P.2d 86].)

Appellant also asserts that the evidence is insufficient to support the findings. ■ But the trial court has a broad discretion in this type of case. (*Guardianship of White*, 84 Cal.App.2d 624 [191 P.2d 466].) ■ The record shows a long history of the mother's placing the child with others, retaking custody on little or no notice, and of her failure to care properly for her daughter. It shows also that her present husband, to whom she was married at the time she consented to the guardianship, has a rather long criminal record. There is evidence from which the trial court could seriously question

the moral fitness of the mother. Thus the finding of the mother's unfitness, if it be essential (*Guardianship of Riley,* 72 Cal.App.2d 742 [165 P.2d 555]), is fully supported. There is no room for us to find that the trial court has abused its discretion, or has failed to exercise that discretion in the best interest of the child.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.