[Civ. No. 18072.   First Dist., Div. One.   Oct. 20, 1959.]

Guardianship of the Person and Estate of ISTAR GAEL WALLS, a Minor.  GORDON L. WALLS, Appellant, v. ANNE WALLS, Respondent.

Oswald G. Ingold and Henry Poppic for Appellant.

Harris, Darter & Older and Cyril Viadro for Respondent.

BRAY, P. J.—Appellant Gordon L. Walls, father of the minor, appeals from an order removing him as guardian, on the ground that it is no longer necessary that she be under guardianship.

The sole question: Did the court abuse its discretion?

RECORD

Istar is the daughter of appellant and respondent, born May 29, 1950. She lived with both parents until their separation in June, 1957. Since then she has lived with respondent. Respondent has had some 10 or 11 attacks of manic-depressive psychosis starting during her teens. In the summer of 1954 for a few weeks she was a voluntary patient at the Three Oaks Sanitarium where she was treated for a relatively mild hypermanic condition, which responded promptly to treatment. At that time appellant filed a petition for his appointment as guardian of the person and estate of Istar. It was alleged that Istar was a legatee under the will of her maternal grandmother, being probated in New York under whose laws the legacy could be paid only to her legally appointed guardian. The petition further alleged that respondent was under medical care. While in the sanitarium respondent signed the waiver necessary to appellant's appointment as guardian. He was appointed such guardian July 29, 1954. On respondent's release the parties lived together until in 1957 respondent filed suit for divorce seeking custody of Istar. That action is now pending. An order for custody in respondent was made.[1] Shortly thereafter respondent petitioned to have appellant removed as guardian of Istar's person on the ground that such guardianship was no longer necessary.[2]

---

[1]That action was, by stipulation, consolidated with the proceedings in this matter. No appeal was taken from the custody order.

[2]Section 1580, Probate Code, provides in part that a guardian may be removed "(8) When it is no longer necessary that the ward should be under guardianship."

#### No Abuse of Discretion

■ It is conceded that the removal of a guardian is a matter in the discretion of the probate court. (See *Guardianship of Brock* (1957), 154 Cal.App.2d 431 [316 P.2d 3].) Appellant contends that in granting the petition the court abused its discretion for three reasons, none of which are valid.

■ (1) *No change of circumstances was shown since the order granting guardianship was made.* At that time respondent was in a sanitarium. She is now and for about three years has been in good mental and physical condition. This is a very important change of circumstances. Appellant stated that among other reasons he had sought the guardianship of Istar's person in order to have greater control of the entire situation. The family home was respondent's separate property and he wanted to be in a position to tell his wife, in the event of marital difficulties, which he apparently anticipated (and which later developed), that if she asked him to leave, she would automatically be asking his ward to leave also. Moreover, the father has left the mother's home. It might become an important question as to whether the child must leave too. There must be a reassessment of the child's position.

■ (2) *The possibility of future mental breakdowns.* Dr. Kelley, a psychiatrist called by appellant who examined respondent for the purpose of testifying, testified that respondent's "personality is basically the underlying personality of an individual who could at any time break into overt psychosis" and it is reasonably sure that in a person who has had a number of attacks, they will continue to occur until the person reaches the fifties or sixties. He did not testify that there was anything wrong with her at the present time, although "there is an excellent chance her illness will recur, probably will, and this will come on in the next week, next month, next six months." He further stated that he thought Mrs. Walls would make a "poor to fair mother." Mrs. Walls testified that she had signed the waiver consenting to appellant's appointment as guardian because she was a patient at the sanitarium. She has had the care of the child since 1954, except for the brief period she was in the sanitarium. The relationship between them is one of love and affection. Dr. Adams, a psychiatrist, called by respondent, had treated respondent for 10 years. He stated that on her discharge in August, 1954, from the sanitarium, respondent had sufficiently

recovered to take her place again in her home and take care of her child. He did testify that "where a person has a history of a number of attacks the general assumption in terms of probability or possibility of another attack is somewhat greater than if they had had one." However, he testified that respondent was well again and had been for the last three years, and that her illness would probably not recur. As the court had the right to do, it evaluated the testimony of the two experts. We cannot say that under the evidence the court abused its discretion in holding that there was no longer any reason for a 7-year-old girl living with a well mother in the latter's home to continue to have a guardian of her person.

In *Guardianship of White*, 84 Cal.App.2d 624 [191 P.2d 466], the action of the probate court in discontinuing guardianship of a minor under section 1580, subdivision 8, Probate Code, was upheld, where at the time of the appointment the mother received an insufficient sum from her husband's service allotment to maintain herself and the child, and was therefore required to accept employment. Later, she divorced the father, remarried, and was no longer obliged to work outside the home.

■ (3) *The court attempted to shift jurisdiction from the probate court to the divorce court.* In addition to finding that it was no longer necessary that the ward should be under guardianship, the court found that "it is necessary and convenient" that the child's care and custody be determined in the divorce action. Regardless of this latter finding, the first finding is sufficient to support the court's order. The proof adduced at the hearing related almost exclusively to respondent's mental condition and ability to care for the child. The issues as framed and the evidence would have to be disregarded to assume that the first finding was, as contended by appellant, merely a conclusion of law based upon the second finding.

Appellant contends that as the probate court and the divorce court have concurrent jurisdiction and the probate court first acted, it thereafter had exclusive jurisdiction of the minor. The probate court had jurisdiction undoubtedly, but it itself terminated that jurisdiction by holding that its jurisdiction was no longer necessary. Thus, there could be no conflict of jurisdiction with the divorce court. Moreover, the parties themselves stipulated that the divorce action in which respondent sought custody and the petition for removal of guardian might be consolidated. The issue of custody was not raised in

respondent's petition for removal of guardian. The record does not indicate that appellant requested such determination as a part of the guardianship matter. It is too late to raise this question on appeal. In any event, we see no reason why the probate court, in the circumstances here, could not determine that as the question of care and custody was involved in the divorce action, while guardianship alone was involved in this proceeding, the determination of custody, and support for the minor as well, could not be better determined in the divorce action.

The order is affirmed.

Tobriner, J., and Foley, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.